## 55893. EDWARDS v. FIREMAN'S FUND INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

This is an appeal from an order of the superior court affirming an award of the State Board of Workmen's Compensation.

The appellant filed a claim for workmen's compensation benefits. A hearing was held and the administrative law judge issued an award granting compensation on January 7, 1977. However, the award was silent as to two hospital bills. Another hearing was held before the administrative law judge on May 5, 1977, to determine the issue of whether the hospital bills were necessary and reasonable.

The administrative law judge subsequently issued an award in which he stated: "As I stated on the hearing of this case the bills were tendered into evidence by the claimant; however, were not admitted into evidence due to oversight. Therefore, I find as a matter of fact that the bills were not in evidence on the prior hearing and therefore, the matter is not res judicata as claimed by the defendants. The defendants contend that there is a presumption that all evidence was considered and therefore the matter is res judicata and further that since the bills were not ordered to be paid it is presumed they were denied. This is ludicrous. All presumptions must yield to the truth. There can be no such presumption in this case as the Administrative Law Judge stated in an open hearing and on the record that through his mistake the bills were not admitted into evidence nor were they considered.

"I, therefore, find as a matter of fact that the bills of Bradley County Memorial Hospital in the amount of $971.15, and Cherokee Park Hospital in the amount of $1,063.10 were necessary to effect a cure and/or give relief."

The appellee then appealed to the full board. The full board issued an award which stated that the administrative law judge's award was erroneous because the administrative law judge did not have the authority to amend his original award because he had not done so

within 30 days from the date of the original award. The full board further found that the first award was res judicata as to the issue of the hospital bills because that question could and should have been adjudicated at the first hearing. Based on this legal conclusion the full board denied the payment of the hospital bills.

We cannot agree with the full board's award. The administrative law judge's first award was silent as to the issue of whether the appellant is entitled to have the hospital bills paid by the appellee. The administrative law judge's award clearly states that the bills were not considered because he overlooked them. An award must make a definite determination in each case as to whether the claimant's medical expenses are reasonable and necessary. *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801, 806 (198 SE2d 412). The first award having failed to make a determination as to this issue the question remained undecided. The fact that the first award was silent as to the issue of the hospital bills would not constitute a determination that they were not reasonable and necessary.

While the second award of the administrative law judge stated that the bills were not in evidence at the first hearing, it would not change the result if they had been introduced, because they were not considered.

The full board was correct when it stated in its award that the administrative law judge could not amend his award more than 30 days after his original award was issued. However, the second award of the administrative law judge did not attempt to amend the first award. An additional hearing was held to determine the issue in regard to the hospital bills. Subsequent to the hearing the administrative law judge issued an independent award holding that the hospital bills were reasonable and necessary. Having made no ruling in regard to these bills in his first award, the issue remained open and he was authorized to hold a hearing and issue an award to determine the question of whether these hospital bills should be allowed.

*Judgment reversed. Webb and McMurray, JJ., concur.*

ARGUED JUNE 7, 1978 — DECIDED JULY 10, 1978 —
REHEARING DENIED JULY 31, 1978 —

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Warren N. Coppedge, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Robert L. Kiser,* for appellees.