## 59732. CLARK et al. v. RANDALL.

Sognier, Judge.

Appellee Randall performed an operation to sterilize appellant Clark on February 27, 1976. Appellant became pregnant in 1978 (no month was specified). On June 26, 1978 appellant filed her complaint against appellee alleging medical malpractice. Appellee moved to dismiss the complaint on the ground that appellant's claim was barred by the statute of limitation. The trial court granted appellee's

motion.

The statute of limitation for medical malpractice provides: "Except as otherwise provided in this Chapter, an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred." Code Ann. § 3-1102. Appellant's complaint shows on its face that it is barred by the statute.

Appellant argues that Code Ann. § 3-807 applies and that the statute was tolled by appellee's fraud. Appellant bases her contention regarding fraud solely on her pleadings, which allege that appellee orally warranted the sterilization operation to be 100% effective. Appellee denies this allegation. We recognize that an oral express warranty can be found in factual situations such as this if the parties understood and agreed to the same thing. *Taratus v. Smith,* 245 Ga. 107, 108 (263 SE2d 145) (1980). However, a bare allegation that appellee Randall gave an oral warranty to appellant that the sterilization operation would be 100% effective is, by itself, insufficient to toll the statute of limitation. *Montgomery v. Ritchey,* 151 Ga. App. 66 (258 SE2d 733) (1979). We find nothing in the record to indicate that the issue of fraud was raised below; therefore, we will not consider it for the first time on appeal. *Foster v. Continental Cas. Co.,* 141 Ga. App. 415, 416 (233 SE2d 492) (1977).

We are well aware that the result in such a case as this is harsh. Appellant had no way of discovering the negligence, if any, of appellee until she became pregnant, an event that could take place at any time after the operation. Nevertheless, the issue of the statute of limitation and any exceptions thereto is particularly within the province of the legislature. It is not for this court to provide judicial exceptions to the statute.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Argued April 7, 1980 — Decided September 23, 1980 —

*Harry A. Sneed,* for appellants.
*Barry S. Mittenthal, John E. Talmadge,* for appellee.