674 F.2d 856
 Frederick M. FASER, et al., Plaintiffs-Appellants, Cross-Appellees,
v.
SEARS, ROEBUCK & CO., Defendant & Third Party Plaintiff-Appellee,
v.
Leonard FISHMAN, Third Party Defendant & Fourth Party
Plaintiff-Appellee, Cross-Appellant,
v.
The UPJOHN COMPANY, a corporation, Fourth Party
Defendant-Appellee, Cross-Appellant.
 No. 81-7358
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 April 30, 1982.
 
 Robert John White, Atlanta, Ga., Edward J. Walsh, Decatur, Ga., for plaintiffs-appellants, cross-appellees.
 Ronald L. Reid, Alston, Miller & Gaines, Jay D. Bennett, Atlanta, Ga., for Sears, Roebuck & Co.
 Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Henry D. Green, Jr., Atlanta, Ga., for Fishman.
 Powell, Goldstein, Frazer & Murphy, John A. Gilleland, Atlanta, Ga., for Upjohn Co.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before MORGAN, JOHNSON and HENDERSON, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge:
 
 
 1
 This appeal involves a claim by Frederick M. Faser and his father for damages allegedly caused by a prescription drug known as Cleocin. Jurisdiction is based on diversity of citizenship of the parties. 28 U.S.C. § 1332. In February of 1973, Frederick M. Faser was given a prescription for Cleocin, an antibiotic, by his physician, Dr. Leonard Fishman, for treatment of acne. The prescription was then filled at a pharmacy operated by Sears, Roebuck, & Co. in Atlanta. Frederick obtained numerous refills at the same pharmacy through September 7, 1974. Soon thereafter, Frederick began to experience severe stomach problems which doctors eventually diagnosed as colitus.
 
 
 2
 On January 17, 1977, over two years after Frederick's last purchase from the Sears pharmacy, the appellants filed a civil action in the Superior Court of Fulton County, Georgia, against Sears, Dr. Fishman, and the Upjohn Company, the manufacturer of Cleocin, claiming that Cleocin caused Frederick's illness. On September 10, 1979, appellants voluntarily dismissed the civil action in state court without prejudice. Two months later on November 13, 1979, the appellants filed this action in federal district court against Sears claiming that the Sears pharmacy lacked the necessary physician authorization to issue Frederick's last six refills of Cleocin. Sears denied appellants' allegations and filed a third party complaint against Dr. Fishman, who denied any liability and filed a fourth party complaint against Upjohn. After discovery, Sears filed a motion for summary judgment claiming that the applicable statute of limitations barred appellants' claim. Dr. Fishman and Upjohn also filed motions for summary judgment. Appellants then filed a motion for leave to amend their complaint in order to add Dr. Fishman and Upjohn as original defendants. On March 20, 1981, the district judge denied appellants' motion to amend the complaint, granted Sears' motion for summary judgment, and denied the motions for summary judgment by Dr. Fishman and Upjohn since their motions were rendered moot when Sears' motion was granted.
 
 
 3
 In this appeal, the Fasers contend that the district court erred by denying their motion to amend the complaint and by granting Sears' motion for summary judgment. Dr. Fishman and Upjohn cross-appeal claiming that the district judge should not have denied their motions for summary judgment; instead, they claim, he should have simply dismissed the third and fourth party complaints. For the following reasons, we find that the issues raised by the Fasers are without merit, but we agree with the claim made by Dr. Fishman and Upjohn.
 
 
 4
 In granting Sears' motion for summary judgment, the district court relied on relevant Georgia law. "(A)n action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred." Ga.Code Ann. § 3-1102. The controlling factor is the date of the negligent or wrongful act and not the date on which the plaintiff should have, or did in fact, discover the negligence. Clark v. Randall, 155 Ga.App. 806, 272 S.E.2d 769 (1980). Medical malpractice in Georgia is broadly defined:
 
 
 5
 As used in this section, the term "action for medical malpractice" means any claim for damages resulting from the death of or injury to any person arising out of (a) health, medical, dental or surgical (1) service, (2) diagnosis, (3) prescription, (4) treatment or (5) care, rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of such lawfully authorized person....
 
 
 6
 Ga.Code Ann. § 3-1101 (emphasis added).
 
 
 7
 Frederick Faser's last refilled prescription was obtained from Sears on September 7, 1974, but he did not file an action against Sears until January of 1977 in state court and November of 1979 in federal court. Therefore, the statute of limitations for medical malpractice expired before the Fasers filed an action against Sears in either court.[1]
 
 
 8
 Appellants argue that the Georgia statute of limitations for medical malpractice is inapplicable since a pharmacist is not engaged in "the practice of medicine" as defined by Georgia law.[2] We believe, however, that a narrow definition for "the practice of medicine" is not inconsistent with a broad definition of "medical malpractice." The chapter of the Georgia Code on which appellants' rely to define "the practice of medicine" deals with licensing and registration, not with causes of action. See Ga.Code Ann. Ch. 84. In contrast, the Georgia definition of "medical malpractice" specifically includes a "medical ... prescription ... rendered by a person authorized by law to perform such (a) service." Ga.Code Ann. § 3-1101(a)(3). Moreover, Georgia law historically has allowed medical malpractice suits against parties other than physicians. See, e.g., Shannon v. Thornton, 155 Ga.App. 670, 272 S.E.2d 535 (1980) (dentists); St. Joseph's Hospital, Inc. v. Mattair, 239 Ga. 674, 238 S.E.2d 366 (1977) (hospitals). We generally defer to an interpretation of state law by a federal district judge sitting in that state, provided his interpretation appears to be reasonable and consistent with the state's law. See Avery v. Maremont Corp., 628 F.2d 441 (5th Cir. 1980). Therefore, we find that the district court below correctly applied the statute of limitations for medical malpractice when it granted Sears' motion for summary judgment.
 
 
 9
 Appellants also claim that the district court erred by denying their motion to amend the complaint in order to add Dr. Fishman and Upjohn as original defendants. We disagree. Dr. Fishman is a resident of Georgia and could not be added to the complaint as an original defendant without destroying the diversity jurisdiction of the court. Fawvor v. Texaco, Inc., 546 F.2d 636 (5th Cir. 1977). In other words, by moving to add Dr. Fishman as an original defendant, the Fasers actually were requesting the district court to destroy its power to adjudicate their case. Obviously, the district court did not err in denying this portion of the motion.[3]
 
 
 10
 The same argument, however, is not applicable to the Fasers' attempt to join Upjohn as an original defendant. Our review of the district court's denial of this portion of the Fasers' motion is limited to determining whether the district judge abused his discretion under Rule 15 of the Federal Rules of Civil Procedure. Henderson v. United States Fidelity & Guaranty Co., 620 F.2d 530 (5th Cir.), cert. denied 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980). Rule 15(a) requires a district court to freely grant leave to amend the complaint whenever "justice so requires," however this is not an automatic right. Addington v. Farmer's Elevator Mutual Insurance Co., 650 F.2d 663, 666 (5th Cir.), cert. denied --- U.S. ----, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981). The district judge must balance a variety of factors, including any possible prejudice to either party, before exercising his discretion to grant or deny the motion. Id. The judge below reviewed the procedural history of this case and found that the Fasers were not attempting to simply join an additional defendant, but instead were attempting to transform the nature of the lawsuit from a malpractice action against a pharmacist to a products liability action against a manufacturer. The judge then concluded that justice would be better served if the Fasers pursued whatever claims they might have against Upjohn in a separate suit "unhampered by the procedural posture of the present case." Neither party would be unduly prejudiced. On appeal, the Fasers have failed to present a convincing reason why justice requires a different conclusion. Therefore, we affirm this portion of the district court's order.
 
 
 11
 Finally, Dr. Fishman and Upjohn cross-appeal claiming that the district court erred in denying their motions for summary judgment. We agree. After granting Sears' motion for summary judgment, the district judge found that the motions for summary judgment by Dr. Fishman and Upjohn were moot, and consequently he denied them without addressing their merits. If, however, this court had later reversed the granting of Sears' motion for summary judgment, then the third and fourth party complaints would have been resurrected and the district court's prior order would have acted as res judicata to prevent Dr. Fishman and Upjohn from making new motions for summary judgment.
 
 
 12
 Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to implead a third party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." Impleader, or third party practice, is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim. United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967). In other words, if the defendant has no liability to the plaintiff, then the third party defendant has no liability to the defendant-third party plaintiff. Likewise, if the Fasers have no claim against Sears, then Sears has no claim against Dr. Fishman, and he has no claim against Upjohn. Therefore, the third and fourth party complaints in this case necessarily became moot when summary judgment was granted in favor of Sears, and the district court then lost jurisdiction to rule on these claims. See Sannon v. United States, 631 F.2d 1247 (5th Cir. 1980). The district judge should have dismissed the actions against Dr. Fishman and Upjohn instead of denying their motions for summary judgment.
 
 
 13
 AFFIRMED in part and REVERSED in part.
 
 
 
 [1]
 Because we find that the statute of limitations for medical malpractice is applicable here, and that the state court action therefore was not timely filed, it is not necessary for us to address the question of whether Georgia's renewal statute, Ga.Code Ann. § 3-808, would operate to preserve a timely filed action in state court which is voluntarily dismissed and then refiled in federal court after the statute of limitations expires
 
 
 [2]
 Ga.Code Ann. § 84-901 states:
 The terms "practice of medicine," "to practice medicine," "practicing medicine," and "practice medicine," as used in this Chapter, are hereby defined to mean holding one's self out to the public as being engaged in the diagnosis or treatment of disease, defects or injuries of human beings, or the suggestion, recommendation or prescribing of any form of treatment for the intended palliation, relief or cure of any physical, mental or functional ailment or defect of any person with the intention of receiving therefor, either directly or indirectly, any fee, gift or compensation whatsoever, or the maintenance of an office for the reception, examination and treatment of persons suffering from disease, defect or injury of body or mind, or attaching the title "M.D.," "Oph.," "D.," "Dop.," "Surgeon," "Doctor," "D.O.," "Doctor of Osteopathy," either alone or in connection with other words, or any other words or abbreviations to his name, indicating that such person is engaged in the treatment or diagnosis of disease, defects or injuries of human beings....
 
 
 [3]
 Dr. Fishman inexplicably failed to make this argument on appeal. We note, however, that it is incumbent on a federal court to address, sua sponte, issues of jurisdiction if present in a case. See Oswalt v. Scripto, Inc., 616 F.2d 191 (5th Cir. 1980); Marshall v. Gibson's Products, Inc. of Plano, 584 F.2d 668 (5th Cir. 1978)