76913. TANDY COMPUTER LEASING v. BENNETT'S SERVICE COMPANY.
(373 SE2d 647)

POPE, Judge.

Tandy Computer Leasing (TCL) sued Bennett's Service Company (Bennett's) in Tarrant County, Texas for failure to make payments when due under the terms of a written lease agreement. Bennett's answered the complaint, denying the jurisdiction of the Texas Court, but did not otherwise appear to defend the suit. The Texas courts entered judgment against Bennett's for the amount sued upon, and TCL filed suit in Liberty County, Georgia to domesticate and enforce the judgment. Bennett's collaterally attacked the judgment on the ground the Texas Court lacked personal jurisdiction over it; the Georgia court refused to enforce the judgment, finding it was not entitled to full faith and credit. *Held*:

The judgment of a foreign court must be given full faith and credit unless it appears that the court lacked jurisdiction over the person or subject matter or unless the judgment was procured by fraud. E.g., *Gordon v. Gordon*, 237 Ga. 171 (1) (227 SE2d 53) (1976). However, "[j]urisdictional issues adjudicated in the foreign judgment may not now be raised. [T]he doctrine of res judicata makes a prior judgment conclusive between the parties and their privies as to all matters put in issue or that might have been put in issue." (Citations

and punctuation omitted.) *Mid-Ga. Bandag Co. v. Nat. Equip. Rental*, 164 Ga. App. 68, 69 (296 SE2d 391) (1982). Accord *Southeastern Metal Prods. v. Horger*, 175 Ga. App. 143 (3) (332 SE2d 662) (1985); *Crosby v. Wenzoski*, 164 Ga. App. 266 (2) (296 SE2d 162) (1982); *Melnick v. Bank of Highwood*, 151 Ga. App. 261 (1) (259 SE2d 667) (1979).

In the case at bar, TCL alleged in its Texas complaint that Bennett's was subject to the jurisdiction of the Texas court because it had entered into the lease agreement in Texas and had made payments to TCL on the lease there. The lease agreement, which was incorporated into the complaint by reference, provided, inter alia, that the lease was to be governed and construed in accordance with Texas law; the agreement also stipulated the parties' consent to the jurisdiction of the courts of that state. Bennett's denied it was subject to the jurisdiction of the Texas court in its answer.

" 'Where the question as to the jurisdiction of the court depends merely upon the existence or non-existence of a fact, and the judgment is otherwise regular, and the court otherwise a court of competent jurisdiction, it is to be presumed that the court found facts to exist such as warranted its assuming jurisdiction, and such finding of fact cannot be collaterally attacked.' [Cit.]" *Green Acres Discount v. Freid & Appell*, 135 Ga. App. 816, 818-19 (219 SE2d 39) (1975). Because the record here reveals that the jurisdictional issue was raised in the Texas court, as shown by both TCL's complaint and Bennett's answer, we must presume, pursuant to *Green Acres*, that the Texas court adjudicated this issue. " '[W]here the question of jurisdiction is raised in the foreign court and decided adversely to a party, he may not collaterally attack this determination.' *Green Acres* [supra]." *International Systems v. Bladen County*, 168 Ga. App. 316, 317 (3) (308 SE2d 679) (1983). Cf. *Berry v. Jeff Hunt Machinery Co.*, 148 Ga. App. 35 (1) (250 SE2d 813) (1978) (in which jurisdiction was neither alleged nor proved). Consequently, the Georgia trial court erred in holding that the judgment of the Texas court was not entitled to full faith and credit in the courts of this state.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 13, 1988 —
REHEARING DENIED SEPTEMBER 28, 1988

*Joseph C. Kitchings*, for appellant.
*A. G. Wells, Jr.*, for appellee.