**Muhammad Y. MADYUN,
Plaintiff–Appellant,**

v.

**Officers S.H. BALLARD, R.E. Vaughn,
the Memphis Police Department, and
the City of Memphis, Defendants–Appellees.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Aug. 25, 1989.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 27, 1989.

Thomas E. Hansom, Debra L. Fessenden, Memphis, for defendants-appellees, Ballard and Vaughn.

Clifford D. Pierce, Jr., City Atty., C. Cleveland Drennon, Jr., and Jean E. Markowitz, Asst. City Attys., for defendants-appellees, City of Memphis and Memphis Police Dept.

Muhammad Y. Madyun, pro se.

CRAWFORD, Judge.

Plaintiff, Muhammad Y. Madyun, appearing pro se, appeals from the order of the trial court dismissing his complaint against defendants, Officers S.H. Ballard, R.E. Vaughn, the Memphis Police Department, and City of Memphis.

The record reflects that on October 14, 1986, prior to filing the instant case, plaintiff filed a suit in the General Sessions Court of Shelby County against the defendants herein and made the same specific allegations in the Civil Warrant against these defendants as he makes in his complaint filed against the defendants in the case before us. The General Sessions Court entered judgment for defendants, City of Memphis and Memphis Police Department, on April 20, 1987, and entered judgment for defendants Ballard and Vaughn on July 8, 1987. Plaintiff appealed the General Sessions case to the Circuit Court on July 14, 1987, and the case was assigned docket number 20915–9 T.D. in the Circuit Court. On August 5, 1988, the Circuit Court entered an order of dismissal in cause number 20915–9 T.D. and specified that the dismissal of defendants Ballard and Vaughn was for failure of plaintiff to prosecute his case and the dismissal of the City of Memphis and the Memphis Police Department was for failing to timely appeal the General Sessions judgment. Plaintiff did not appeal from this order of the Circuit Court dismissing his case, but did file, on September 15, 1988, a motion to vacate the dismissal pursuant to Rule 60.-02, Tennessee Rules of Civil Procedure. The Circuit Court denied plaintiff's motion for relief pursuant to Rule 60.02 and plaintiff did not appeal from this order denying his motion.

On August 5, 1988, plaintiff filed the instant case in the Circuit Court under docket number 25782–9 T.D. As previously noted, the allegations of the complaint in this case are identical to the allegations

made by plaintiff in the previously dismissed case under Circuit Court docket number 20915–9 T.D.

In response to the complaint, defendants filed motions for dismissal primarily on the grounds of res judicata. After oral argument on the motions to dismiss, the court entered, on October 26, 1988, the following order:

### ORDER OF DISMISSAL

This cause came on to be heard on October 21, 1988 before the Honorable Robert L. Childers, Judge of Division 9 of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, upon the Motion of Defendants Ballard and Vaughn to dismiss the Complaint filed in this cause or, in the alternative, for Summary Judgment and upon the motion of the Defendant, City of Memphis, to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, for a judgment on the pleadings; Memorandum in Support of the aforesaid Motions having been filed on behalf of the Defendants, statement and argument by the Plaintiff and counsel for the Defendants; and, from the entire record in this cause, from all of which it satisfactorily appearing to the Court as follows:

1. That the Plaintiff had previously filed a General Sessions Courts of Shelby County, Tennessee Complaint involving these same Defendants. The appeal to this Court, Circuit Court Docket No. 20195–9, was dismissed for failure to prosecute Defendants Ballard and Vaughn on August 3, 1988, and an Order of Judgment was entered with the Clerk with this Court on August 5, 1988. That Order of Judgment granted Defendant City of Memphis' Motion to Dismiss for failure to appeal the final judgment of the General Sessions Court, pursuant to T.C.A. § 27–5–101 et seq.

2. That the cause of action set forth [by] the Plaintiff in this cause is identical to that previously dismissed under Docket No. 20195–9.

3. That Rule 41.02(3) of the Tennessee Rules of Civil Procedure provides that the aforesaid dismissal operates as an adjudication upon the merits, and was a final judgment inasmuch as no appeal was taken therefrom by the Plaintiff.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That the Motion to Dismiss of the Defendants Ballard and Vaughn be, and the same is hereby granted.

2. That the Motion to Dismiss of the Defendant City of Memphis be, and the same is hereby granted.

3. That the costs of this cause be, and the same are hereby assessed against the Plaintiff, for which let execution issue.

The only issue for review on behalf of appellant is whether the trial court erred in dismissing his complaint.

Rule 41.02, Tennessee Rules of Civil Procedure, provides in part pertinent to this issue before the Court:

**41.02. Involuntary Dismissal—Effect Thereof.**—(1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

     \*     \*     \*     \*     \*     \*

(3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

46 *Am.Jur.2d* Judgments § 394 (1969) states:

**Statement of doctrine.** Literally, res judicata means a matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment. As stated in many cases, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their priv-

ies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . .

*See also Lillard v. Yellow Mfg. Acceptance Corp.,* 195 Tenn. 686, 263 S.W.2d 520 (1953).

■ A judgment on the merits exhausts the cause of action on which it was based, and is an absolute bar to a subsequent suit between the same parties and their privies upon the same cause of action. *Boring v. Miller,* 215 Tenn. 394, 398, 386 S.W.2d 521, 522 (1965).

In *Parkes v. Clift,* 77 Tenn. 524 (1882), the Court said:

> In order that a judgment or decree should be on the merits, it is not necessary that the litigation should be determined "on the merits," in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases. The decision may be clearly wrong, or may be against the losing party because he offered in evidence a valid record or deed with a defective certificate, or otherwise failed to present his case as the facts within his knowledge, or obtainable by reasonable diligence, would have enabled him to do: . . . . (citations omitted).

*Id.* at 531–32.

■ In the case at bar, the prior litigation embraced the same cause of action and issues and the parties to the prior litigation are identical to the parties in the present litigation. The prior litigation was dismissed pursuant to Rule 41.02, Tennessee Rules of Civil Procedure, and operated as an adjudication on the merits. The appellant herein, plaintiff in the former suit, failed to appeal that order of dismissal and it thus became final. The correctness or incorrectness of the former adjudication is not before this Court and should have been raised by the appellant in an appeal from *that* order of dismissal. Since that dismissal became final and is an adjudication on the merits, the instant case was properly dismissed.

Accordingly, the order of the trial court dismissing plaintiff's complaint is affirmed and this case is remanded to the trial court for any further proceedings as may be necessary. Costs of appeal are assessed against the appellant.

Appellees have requested that this Court impose sanctions on the appellant pursuant to Rule 11, Tennessee Rules of Civil Procedure. This is a matter that should have been presented in the trial court and cannot be raised for the first time in this Court on appeal.

HIGHERS and FARMER, JJ., concur.