A97A2434. CHRISON v. H & H INTERIORS, INC. et al.
A97A2435. HOLT v. CHRISON.
(500 SE2d 41)

SMITH, Judge.

On July 25, 1996, Chris Chrison filed this action in the State Court of DeKalb County against H & H Interiors, Inc. ("H & H"), Scott Sherrill, and Mark Holt, seeking to recover damages for defendants' alleged breach of a contract for the sale of Chrison's carpet business. The complaint later was amended to add a claim for fraud.

Holt and Sherrill are Georgia residents, and H & H is a Georgia corporation. But prior to filing this action, Chrison previously filed suit against defendants on March 8, 1995, in the Chancery Court of Davidson County, Tennessee, seeking damages for the breach of the same contract of sale (the "Tennessee action").

H & H was never served in the Tennessee action and therefore did not file an answer.[1] When Sherrill and Holt could not be located, the sheriff gave the complaint and summons to the regional manager of H & H at the corporation's place of business in Tennessee. Sherrill and Holt did not answer the Tennessee complaint but moved to dismiss, alleging insufficiency of service of process because neither defendant was personally served.

The Tennessee court ruled on Holt's motion to dismiss but not on Sherrill's, and Holt was dismissed from the Tennessee action without

---

[1] The return of service states "C. T. Corp. would not accept! No listing with [Secretary] of State."

prejudice on June 5, 1995.[2] The entire Tennessee action subsequently was dismissed by the Tennessee court "for failure to prosecute" on March 15, 1996.

After Chrison filed this action in DeKalb State Court, all three defendants filed answers and discovery responses making no mention of the affirmative defense of res judicata. But a year after the Tennessee action's dismissal, apparently when under Tennessee law the dismissal could no longer be set aside, all three defendants moved for summary judgment in the DeKalb action on the ground that the DeKalb action was barred by the doctrine of res judicata. The trial court denied Holt's motion because he was dismissed without prejudice from the Tennessee action prior to judgment. The trial court granted the motions of Sherrill and H & H because in Tennessee, unlike the law in Georgia, a dismissal for failure of prosecution operates as an adjudication on the merits unless the order expressly provides otherwise. See, e.g., *Madyun v. Ballard*, 783 SW2d 946, 948 (Tenn. 1989). In Case No. A97A2434, Chrison appeals the trial court's ruling granting summary judgment to H & H and Sherrill. In Case No. A97A2435, Holt cross-appeals the trial court's ruling denying his motion for summary judgment.

## Case No. A97A2434

1. Chrison's first four enumerations will be considered together because they address overlapping issues. Broadly stated, Chrison argues the Tennessee judgment does not act as a bar to the present action because the Tennessee court did not have jurisdiction over defendants due to insufficiency of service of process; the Tennessee judgment is not entitled to full faith and credit because it is void on its face; and the Tennessee judgment does not serve as a judgment on the merits for purposes of res judicata.

Georgia's principle of res judicata, codified as OCGA § 9-12-40, provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." See also *Fowler v. Vineyard*, 261 Ga. 454, 455 (405 SE2d 678) (1991).

The doctrine of full faith and credit renders the judgments and

---

[2] Holt and Sherrill were served in an identical manner and filed virtually identical motions to dismiss. Chrison claims Holt's motion was granted because his attorney submitted a proposed order for the court to sign while Sherrill's attorney did not. Defendants contend Sherrill was not dismissed because Chrison filed a brief in opposition to Sherrill's motion to dismiss but did not contest Holt's motion. Nothing in the record supports either contention.

adjudications of courts of sister states of competent jurisdiction res judicata in this state unless the court lacked personal or subject matter jurisdiction or unless the judgment was procured by fraud. *Tandy Computer Leasing v. Bennett's Svc. Co.*, 188 Ga. App. 594 (373 SE2d 647) (1988). The doctrine of res judicata makes conclusive a prior foreign judgment between the parties and their privies as to all matters placed in issue or that might have been placed in issue, including jurisdictional issues. Id. See also *Gordon v. Gordon*, 237 Ga. 171 (1) (227 SE2d 53) (1976).

Several prerequisites must be established in order for the res judicata doctrine to apply: (1) identity of cause of action; (2) identity of parties; (3) prior adjudication by a court of competent jurisdiction; and (4) a full and fair opportunity for the party against whom the doctrine of res judicata is raised to have litigated the issues in the first action. *Fowler*, supra at 455-456. See also *Sorrells Constr. Co. v. Chandler Armentrout &c., P.C.*, 214 Ga. App. 193, 194 (447 SE2d 101) (1994); *Bradley v. Ga. Institute of Technology*, 228 Ga. App. 216, 217 (491 SE2d 453) (1997). Additionally, OCGA § 9-12-42 provides that the merits of the case must have been adjudicated for the judgment to be a bar to subsequent action. *State Bar of Ga. v. Beazley*, 256 Ga. 561, 562 (1) (350 SE2d 422) (1986); *Fowler*, supra at 456 (2).

(a) *Sherrill*. Applying these principles to the facts of this case, we find the trial court correctly determined that res judicata bars the present action against Sherrill.

First, identity of claims exists in both the DeKalb and Tennessee actions. Both complaints seek damages against Sherrill for his alleged breach of the contract of sale of Chrison's carpet business. By pleading the same breach of contract claim in both actions, Chrison seeks to reassert exactly the same claim previously asserted and dismissed in the Tennessee court.

Second, identity of parties exists. Both complaints name Sherrill as a party defendant, and Sherrill was served with process in both actions. Chrison argues, as does the dissent, that Sherrill was improperly served under Tennessee law, but in his pleadings in this action Sherrill acknowledged that he was served with process in the Tennessee action. Moreover, this argument was decided adversely to him in the Tennessee action.

Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by courts of this state. That judgment may be collaterally attacked when the foreign court lacked jurisdiction of the person or subject matter. *Gordon*, supra at 171 (1). But when a party appears and defends in the foreign court, the judgment of that court, regular upon its face, may not be attacked in the courts of this state. And when the issue of jurisdiction is raised in the foreign court and decided against a party, this

determination may not be attacked collaterally. *Green Acres Discount v. Freid & Appell, Inc.*, 135 Ga. App. 816, 817-818 (219 SE2d 39) (1975). "Where the question as to the jurisdiction of the court depends merely upon the existence or non-existence of a fact, and the judgment is otherwise regular, and the court otherwise a court of competent jurisdiction, it is to be presumed that the court found facts to exist such as warranted its assuming jurisdiction, and such finding of fact cannot be collaterally attacked." (Citation and punctuation omitted.) Id. at 818-819.

Here, the record shows that both Sherrill and Holt made special appearances in the Tennessee action to contest jurisdiction.[3] After Chrison had a full and fair opportunity to litigate the issues, the Tennessee court dismissed Holt from the action but did not dismiss Sherrill.[4] Under these circumstances, we must presume that the Tennessee court adjudicated the issue of sufficiency of process prior to its dismissal of Chrison's complaint.[5] *Edwards v. Fireman's Fund Ins. Co.*, 147 Ga. App. 27, 28 (248 SE2d 2) (1978), relied upon by the dissent as authority for the proposition that an express ruling must have been made in the prior action to warrant res judicata effect, stands for no such proposition. It is, in fact, perfectly in agreement with the general principle that courts, foreign or otherwise, are presumed to have acted properly absent evidence to the contrary. The *facts* in *Edwards*, however, are completely distinguished from those here. In *Edwards*, a workers' compensation case, the administrative law judge who rendered the prior decision later acknowledged that he *overlooked* certain evidence presented because of an oversight. This Court held that the insurer's argument that the evidence could not now be considered because of the presumption that the judge did what he in fact admitted he did not do was "ludicrous," since "[a]ll presumptions must yield to the truth." Id. at 27.

The facts here are different. The jurisdictional issue in this case was ·raised in Sherrill's motion to dismiss in the foreign court and decided adversely to Chrison. The Tennessee court's determination therefore is conclusive, res judicata, and binding upon the DeKalb State Court under the full faith and credit clause of the United

---

[3] Ironically, Chrison opposed Sherrill's motion to dismiss in the Tennessee action, arguing that service of process was perfected in accordance with Tennessee law. In the present action, Chrison argues just the opposite.

[4] Although we agree with the dissent that under Tennessee law Sherrill did not make a general appearance, his appearance to contest service did constitute a full and fair opportunity for him, as well as for Chrison, to litigate the issue of jurisdiction.

[5] If Sherrill had desired to do so, he could have insisted upon a ruling on his motion to dismiss. Instead, he chose to utilize the opportunity to have the suit dismissed for want of prosecution. He was still a party to the suit when it was so dismissed, and it therefore operates in his favor for purposes of res judicata.

States Constitution. *Tandy Computer*, supra at 595. See also *Intl. Systems v. Bladen County, North Carolina*, 168 Ga. App. 316, 317-318 (1) (308 SE2d 679) (1983).

Third, under Rule 41.02 of the Tenn. Rules of Civ. Proc., the dismissal of Chrison's complaint by the Tennessee Chancery Court was an adjudication on the merits by a court of competent jurisdiction for the purposes of res judicata. *Madyun*, supra at 948. This dismissal was therefore a dismissal with prejudice. "A dismissal with prejudice is res judicata of all questions which might have been litigated in the action and is a final disposition, barring the right to bring another action on the same claim." (Citation and punctuation omitted.) *Mobley v. Sewell*, 226 Ga. App. 866, 868 (487 SE2d 398) (1997).

We reject Chrison's argument that Georgia law, rather than Tennessee law, controls the determination of whether the dismissal of the Tennessee action for failure to prosecute was an adjudication on the merits.[6] A judgment entered in a foreign court is entitled to full faith and credit in Georgia if it comports with due process requirements and is otherwise valid and binding. See *Crosby v. Wenzoski*, 164 Ga. App. 266, 270 (2) (296 SE2d 162) (1982). If under Tennessee law a judgment is entitled to res judicata effect, it must have that effect here, as well. Id. at 271. See also *Gordon*, supra; *Intl. Systems*, supra; *Green Acres Discount*, supra; *Greer v. State*, 201 Ga. App. 775 (2) (412 SE2d 843) (1991); *Chapman v. State*, 177 Ga. App. 580, 581-582 (2) (340 SE2d 237) (1986). Choice of law provisions that may appropriately be considered prior to judgment are simply not material or relevant when considering the effect of a judgment entered in a foreign action. Because the face of the record in the Tennessee action reflects the entry of a prior judgment on the merits, that judgment is a bar to the present action in DeKalb State Court.

Finally, we find that Chrison had a full and fair opportunity to litigate all issues, including issues of jurisdiction, in the Tennessee action. The fact that the Tennessee action was dismissed for failure to prosecute does not affect our decision. As the trial court aptly stated, "[t]hat the Plaintiff chose not to prosecute the case is of no moment to the Court. Rather than suffer a dismissal 'for want of prosecution,' the Plaintiff could have voluntarily dismissed his case. The Plaintiff chose to ignore the Tennessee rules at his own peril."

The Tennessee judgment is res judicata, and the trial court correctly determined that the dismissal of the Tennessee action is a bar to the present action against Sherrill in DeKalb State Court.

(b) *H & H*. We reach the opposite conclusion with regard to

---

[6] OCGA § 9-11-41 (b) provides, in pertinent part, that a "dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits."

H & H. Although H & H was named as a defendant in the Tennessee action, the record indicates that H & H was never served with process and never filed an answer in that court. H & H therefore was not a party to the Tennessee action when it was dismissed with prejudice.[7] See *Gordon*, supra at 171 (1). See also *Schowe v. Amster*, 236 Ga. 720 (1) (225 SE2d 289) (1976).

Because the prerequisites for establishing a valid res judicata defense were not met as to this defendant, the trial court's grant of summary judgment to H & H was error and must be reversed.

2. In his next two enumerations of error, Chrison relies on the Uniform Enforcement of Foreign Judgments Law, OCGA § 9-12-130, to argue again that Georgia law, rather than Tennessee law, should be used to determine whether the Tennessee judgment was an adjudication on the merits. OCGA § 9-12-132. This argument, however, was neither raised nor ruled upon below. We will not consider it for the first time on appeal.[8] See *Clark v. Randall*, 155 Ga. App. 806, 807 (272 SE2d 769) (1980).

3. Chrison also argues the trial court erred in determining that defendants did not waive the defense of res judicata by failing to raise it in their answer or in any of their answers to interrogatories and requests for production of documents. We disagree.

Res judicata is an affirmative defense and must be pleaded affirmatively. OCGA § 9-11-8 (c). "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver." (Citations and punctuation omitted.) *McFadden Business Publications v. Guidry*, 177 Ga. App. 885, 887 (1) (a) (341 SE2d 294) (1986).

Here, defendants filed their motion for summary judgment on March 18, 1997, more than 30 days prior to the May 2, 1997, hearing on the motion. Chrison had ample notice and opportunity to prepare his response prior to the hearing. Further, the requests for production of documents and interrogatories filed by Chrison did not specifically request documents relating to the Tennessee action or seek information about defendants' affirmative defenses. Defendants were under no obligation to supply this information.

---

[7] Contrary to defendants' assertions, nothing in the record indicates *any* service upon the corporation.

[8] We note without deciding that Chrison's reliance on this statute appears to be misplaced. Defendants have not filed a complaint for domestication in DeKalb State Court or attempted to enforce the foreign judgment against Chrison in the manner contemplated by this statute. Defendants have simply raised the prior Tennessee action as a bar to the subsequent action brought by Chrison in DeKalb State Court.

The defense of res judicata was properly raised in this case, and there was no waiver. *Guidry*, supra at 887. See also *Albany Oil Mill v. Sumter Elec. Membership Corp.*, 212 Ga. App. 242 (1) (441 SE2d 524) (1994).

4. In his final enumeration of error, Chrison argues that Georgia public policy dictates that we not allow the dismissal of the Tennessee action to operate as a dismissal on the merits for purposes of res judicata. Otherwise, argues Chrison, we would allow litigants to be punished for technical mistakes and deny them a full and fair opportunity to have their day in court in direct contravention of OCGA § 9-11-41 (b).

We find no public policy concerns or other compelling reasons to refuse to afford the Tennessee judgment full faith and credit in this case. Chrison, not defendants, elected to bring suit first in Tennessee, where Tennessee procedural law governs Tennessee actions. Chrison, not defendants, ignored Tennessee procedural rules and allowed his action to languish in the courts for over a year. Tennessee has a legitimate interest in ensuring the prompt and final adjudication of legal disputes brought in its courts. Under these circumstances, we do not find Tennessee procedural law to be so repugnant to the public policy of Georgia that we should hold unenforceable a judgment that otherwise would be entitled to full faith and credit in this state. See generally *Crosby*, supra at 271 (3).

### Case No. A97A2435

5. Holt enumerates as error the trial court's denial of his motion for summary judgment. The trial court denied the motion because Holt was dismissed without prejudice from the Tennessee action prior to judgment.

In his cross-appeal, Holt does not dispute the trial court's determination that he was no longer a party to the Tennessee action at the time the Tennessee action was dismissed. Instead he argues that if Holt and H & H are alter egos, as alleged by Chrison in his amended complaint, then Holt is a privy to H & H for the purpose of this motion for summary judgment. If the Tennessee action bars suit against H & H because of res judicata, argues Holt, it follows that it must also bar suit against him.

We need not address this argument, however, in light of our decision in Division 1 (b), above, finding that the DeKalb State Court action against H & H is not barred by the doctrine of res judicata. The trial court's denial of summary judgment to Holt was not error.

*Judgment affirmed in Case No. A97A2435. Judgment affirmed in part and reversed in part in Case No. A97A2434. McMurray, P. J., Birdsong, P. J., and Eldridge, J., concur. Andrews, C. J., Beasley and*

*Ruffin, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur as to Divisions 1 (b), 2, 3, 4, and 5 of the majority's opinion. I respectfully dissent as to Division 1 (a).

1. As stated in the majority opinion, one prerequisite to applying res judicata is that the two actions must have an identity of parties. OCGA § 9-12-40; see *Fowler v. Vineyard*, 261 Ga. 454, 455 (1) (405 SE2d 678) (1991). Sherrill was not personally served in the Tennessee action, as the record affirmatively shows. He learned of the suit and, a month after service was attempted, specially appeared to move to dismiss for insufficiency of service of process. Tennessee law is that Sherrill's special appearance to challenge service did not constitute a general appearance as a party. *Landers v. Jones*, 872 SW2d 674 (Tenn. 1994). Since the court did not rule on his motion, and the question of jurisdiction over him, which he raised, became moot when the action was dismissed, he never became a party to the Tennessee action by appearance, default, or court order.

The majority opinion states that "Sherrill was served with process in both actions," i.e., the Tennessee action and the instant Georgia action. But this statement depends on the validity of the opinion's statement that "we must presume that the Tennessee court adjudicated the issue of sufficiency of process prior to its dismissal of Chrison's complaint." We can presume no such thing, for the record contradicts this presumption.[9] Sherrill's self-serving statement in the Georgia action that he now believes he was served in the Tennessee action is not determinative of the issue.

The Tennessee court simply did not rule on the question and instead dismissed the suit for failure to prosecute. Sherrill's special appearance motion was pending at the time. (The Georgia trial court acknowledged as much, in the order appealed from.) But it was not necessary for the Tennessee court to rule on Sherrill's special appearance motion. The practice of that court was to dispose of cases within 12 months of filing unless an order had been entered setting the case for trial. Unlike a default judgment, there was in the Tennessee case no unchallenged assertion of jurisdiction.

Because the Tennessee court, understandably, did not resolve the issue of whether Sherrill was properly served and consequently was subject to the court's jurisdiction, he was never a party to the suit. Thus, there is no identity of parties in the two suits. The dismissal of the action could not be res judicata as to Sherrill, who was not

---

[9] It is inconsistent for the majority to make this crucial presumption while at the same time noting in footnote 2 that the briefs state certain facts not supported by the record so we do not rely on them. The same is true respecting footnote 7.

yet adjudicated a party.

Ironically, the majority allows the dismissal of the suit in Tennessee to have greater status in Georgia than it does in Tennessee. This is an unfounded departure from what the Full Faith and Credit Clause requires. The Supreme Court of Tennessee explained in *Dickerson v. Godfrey*, 825 SW2d 692, 694 (Tenn. 1992) that " 'the doctrine of collateral estoppel or estoppel by judgment is an extension of the princip[le] of res judicata, and is generally held to be applicable only when it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties . . . if the determination of such issue in the former action was necessary to the judgment.' [Cit.]" See *Garrett v. Corry Foam Products*, 596 SW2d 808, 810 (Tenn. 1980).

Plaintiff, having discovered Sherrill was in Georgia, simply allowed the attempted Tennessee action to be dismissed and, four months later, filed the instant suit in Georgia and gained service here. A special process server was permitted by the court because Sherrill was avoiding service, after plaintiff Chrison got a new address for him. He testified in deposition that he and his wife owned their present home in Atlanta since about June 1995. He had only a temporary apartment in Nashville, Tennessee, from about late June to September 1994, and a hotel room in Knoxville for two to three months in early 1995. In 1992 and 1993 he had a hotel room in Warner Robins while his family maintained residence in Atlanta. Those were his whereabouts during the five years preceding March 10, 1997, the date of the deposition. Service had been attempted on him at a business address in Nashville on March 30, 1995.

*Green Acres Discount v. Freid & Appell, Inc.*, 135 Ga. App. 816, 818 (219 SE2d 39) (1975), cited by the majority for the presumption that the foreign court found it had personal jurisdiction, is distinguishable. *Green Acres Discount* involved an express ruling by the New York trial court that it had personal jurisdiction over the defendant based on its finding the defendant had transacted business in New York. Obviously, when a foreign trial court has expressly found personal jurisdiction after hearing both sides argue the issue, such must be accorded full faith and credit and be considered res judicata. See also *Gordon v. Gordon*, 237 Ga. 171, 172 (1) (227 SE2d 53) (1976) (collateral attack on Tennessee judgment not allowed because "[the] same jurisdictional issues were raised and decided against [appellant] in the Tennessee court, and therefore the Tennessee judgment must be given full faith and credit . . . as to the finding of jurisdiction"); *Crosby v. Wenzoski*, 164 Ga. App. 266, 267 (296 SE2d 162) (1982) (California court denied motion to set aside judgment, thereby evidencing and documenting decision rejecting claim of insufficient service; California judgment accorded full faith and

credit, despite claim in Georgia of improper service of California action).

The statement in the majority opinion for which *Green Acres Discount* is cited depends on a ruling in Tennessee on the issue of jurisdiction over Sherrill, which is not present. The same failing relates to the majority statement that "when a party appears and defends in the foreign court," the judgment may not be attacked elsewhere. While this is true, Sherrill did not appear and defend or otherwise subject himself to the jurisdiction of the Tennessee court, such as by defaulting. He merely challenged service of process.

Finally, the majority states that Chrison had "a full and fair opportunity to litigate all issues, including issues of jurisdiction, in the Tennessee action." That is not so, as it is apparent Chrison had not been able to bring Sherrill into court as a party. The only return of service relating to Sherrill is service on the regional manager of an unnamed organization in Tennessee.

*Edwards v. Fireman's Fund Ins. Co.*, 147 Ga. App. 27, 28 (248 SE2d 2) (1978), supports the general principle that there must be an express ruling. *Edwards* held that even though the workers' compensation award was silent on two hospital bills put in the record, the administrative law judge could hold later that such was a mistake and could award additional benefits based on these bills. *Edwards* explained: "Having made no ruling in regard to these bills in his first award, the issue remained open and he was authorized to hold a hearing and issue an award to determine the question of whether these hospital bills should be allowed." Id. *Edwards* rejected the res judicata argument. As to the instant case, the Tennessee court's inaction on the pending motion to dismiss similarly precludes res judicata from operating on this issue.

2. Res judicata also requires that there be a prior adjudication by a court of competent jurisdiction. *Fowler*, supra. Under Tennessee law, a judgment against an unserved defendant is void. *Overby v. Overby*, 457 SW2d 851 (Tenn. 1970). Georgia law is likewise: a "suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. [Cits.]" *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994); see *Allen v. Kahn*, 231 Ga. App. 438 (499 SE2d 164) (1998) (action void if purported agent without authority to receive service); *Reid v. U. S. Fidelity &c. Co.*, 223 Ga. App. 204, 205 (1) (477 SE2d 369) (1996) ("A suit is void if service was never perfected"), aff'd, 268 Ga. 432 (491 SE2d 50) (1997). Thus, insofar as Sherrill is concerned, the final order entered in Tennessee, which left the issue of proper service unresolved, carries no res judicata effect in either Tennessee or Georgia.

Two prerequisites for res judicata as to Sherrill are not present. The majority has allowed him to deny service in Tennessee and avoid

suit in Georgia. This is built on the supposition that the Tennessee court rejected his challenge to service there. A supposition would not bar a new suit in Tennessee, and such a diaphanous bar should not constitute an impermeable wall to prevent a Georgia citizen's suit against another Georgia citizen in their home state.

I am authorized to state that Chief Judge Andrews and Judge Ruffin join in this opinion.

DECIDED MARCH 20, 1998 —
RECONSIDERATION DENIED APRIL 3, 1998 — 

*Brock, Clay, Wilson & Rogers, Randall F. Rogers, Nicholas P. Panayotopoulos*, for Chrison.

*Decker & Hallman, David C. Moss, Anne L. Hunt*, for Holt and H & H Interiors, Inc. et al.