## A01A0814. HOLLY v. SOUTH et al.
### (553 SE2d 159)

SMITH, Presiding Judge.

Jennifer Holly appeals from the trial court's grant of the defendants' motion to dismiss on the ground of res judicata her suit alleging intentional infliction of emotional distress. We find that the doctrine of res judicata does not apply, because the claim of intentional infliction of emotional distress against these defendants in Holly's prior federal litigation was not dismissed on its merits. We therefore reverse the judgment below.

The record shows that Holly filed an action in the United States District Court for the Middle District of Georgia, Columbus Division, against her employer, Williams Beauty Salon, William South, and Edward McNeil, alleging gender discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq. The complaint also included pendent state claims for intentional infliction of emotional distress and tortious assault and battery. The defendants filed a motion to dismiss the Title VII claims or, in the alternative, for summary judgment. They argued that Holly's Title VII claims should be dismissed, because she had failed to file

---

[27] *Gibson v. State*, 272 Ga. 801, 802-803 (2) (537 SE2d 72) (2000).

her complaint in timely fashion after receiving a "right to sue" letter from the Equal Employment Opportunity Commission.[1] The district court, in a "Memorandum and Order on Defendants' Motion for Summary Judgment" granted the motion for summary judgment, notwithstanding its explicit recognition that the motion was "not directed at the substantive allegations, but rather at the timeliness of her complaint."

The ruling was affirmed on appeal to the Eleventh Circuit Court of Appeals, which noted that the district court's judgment was supported on the alternative ground that Holly did not name the proper defendant and did not oppose the judgment on that ground on appeal. The Eleventh Circuit also noted in its opinion that the defendants' "summary judgment motion was not directed at the substantive allegations of Holly's complaint" and that her "complaint also alleged pendant [sic] state tort claims against the individual defendants," which Holly had also abandoned in her Eleventh Circuit appeal because the district court did not address the dismissal of these claims.

Holly then filed a complaint in the State Court of Muscogee County against the two individual defendants, South and McNeil, alleging intentional infliction of emotional distress and tortious interference with her employment relationship. The defendants answered and again filed a motion to dismiss or, in the alternative, for summary judgment. In their motion, the defendants argued that Holly's suit was barred by the doctrine of res judicata because of the grant of summary judgment in the prior federal action, which was "binding upon the parties as to all issues raised or which could have been raised." In the alternative, the defendants argued that no genuine issue existed as to any material fact and they were entitled to summary judgment in their favor.

In an order that initially granted summary judgment to the defendants on the issue of tortious interference with employment and denied summary judgment on the issue of intentional infliction of emotional distress, the trial court went on to examine carefully the res judicata issue, eventually mooting its just-announced decisions by concluding that Holly's state claims were barred by the prior federal action even though the judgment in that action did not reach the merits of the state claims. The trial court explicitly agreed with Holly that the federal district court did not reach the merits of her state claims. Nevertheless, relying on this court's decision in *Chrison v. H & H Interiors*, 232 Ga. App. 45, 49 (1) (a) (500 SE2d 41) (1998), the

---

[1] The defendants also alleged that Holly had sued the wrong entity because at the time Holly was employed there, the shop was owned by Venture North, Inc.

trial court concluded that federal law, rather than Georgia law, controls the determination of whether the dismissal there was on the merits. The court also recognized that even if the doctrine of res judicata is not applied, the court must be convinced that the doctrine's underlying purposes are advanced rather than defeated by declining to apply the doctrine. *Pope v. City of Atlanta*, 240 Ga. 177, 180 (1) (240 SE2d 241) (1977). Citing *Fowler v. Vineyard*, 261 Ga. 454, 458 (3) (405 SE2d 678) (1991), the trial court found that the primary purpose of res judicata is to promote judicial economy in claims for affirmative relief and that judicial economy would not be advanced by permitting Holly to pursue claims she had "abandoned" in federal court. The trial court then granted "the defendants' motion to dismiss [Holly's] claims for intentional infliction of emotional distress and tortious interference with her employment relationship."

Holly contends this ruling was erroneous, and we agree.[2] No question exists that the state tort claims were not decided on their merits in the federal court action. Both the district court and the Eleventh Circuit recognized that fact in their respective orders. Although the district court granted summary judgment, it is plain that with the dismissal of the Title VII claims, no pendent state jurisdiction existed in federal court. It is clear under Georgia law that when an order granting summary judgment in a prior suit is relied on for res judicata purposes, the court considering application of the doctrine must examine the underlying basis of the summary judgment. If the judgment actually was an adjudication on the merits, res judicata should be applied; but if the court's examination shows that the summary judgment actually was not an adjudication on the merits, res judicata should not be applied. *Robinson v. Starr*, 197 Ga. App. 440, 441 (1) (398 SE2d 714) (1990).

We are instructed by *Chrison,* supra, and by the doctrine of full faith and credit to apply federal law to determine whether the previous decision was actually on the merits. We cannot conclude that it was. Designating the order as the grant of summary judgment was simply an error, at least as to the pendent state claims. Contrary to appellees' contention, under federal law Holly's state claims could not have been raised in the federal action and ruled upon there once the Title VII claims had been dismissed, because no basis existed for the federal court to exercise jurisdiction over the pendent state claims.

---

[2] The trial court initially found that Holly's claim for tortious interference with her employment relationship could not survive summary judgment because it lacked two essential elements: that the defendants were strangers to the employment relationship and that she suffered damages as a result of the interference. Holly appears to accept this reasoning regarding her claim for tortious interference with her employment relationship, since she appeals only from the trial court's application of the bar of res judicata to her claim for intentional infliction of emotional distress.

The only way the district court could dismiss [Holly's] suit with prejudice was if the court exercised its pendent jurisdiction, for a court that relinquishes jurisdiction cannot render a judgment that has preclusive effect other than on the merits of its relinquishing jurisdiction. [Cit.] . . . A dismissal based on the district court's relinquishing its pendent jurisdiction deprives any ruling that [it] may have made on the merits of a relinquished claim of preclusive effect. [Cit.]

*Disher v. Information Resources*, 873 F2d 136, 139-140 (7th Cir. 1989).

Since under federal law the prior adjudication of Holly's state claims could not have been on the merits, the trial court erred in applying the doctrine of res judicata to grant the defendants' motion to dismiss in the state court action.

*Judgment reversed. Barnes and Phipps, JJ., concur.*

DECIDED JULY 2, 2001.

*Maxine Hardy*, for appellant.
*Warren S. Shulman*, for appellees.