A11A0765. WILKEN INVESTMENTS, LLC et al.
v. PLAMONDON.
(712 SE2d 576)

ANDREWS, Judge.

Wilken Investments, LLC, Kenneth Pennington and William Pennington (collectively "Wilken") appeal from the trial court's order granting William Plamondon's motion to dismiss Wilken's claims against him with prejudice. Wilken contends that the trial court's order is incorrect on its face and any claims dismissed should have been without prejudice. Because there is nothing in the trial court's order that allows us to determine upon what grounds the trial court granted the motion to dismiss or what evidence it considered in determining that the dismissal would be with prejudice, we vacate the order and remand the case to the trial court for clarification.

The evidence in the record shows that Wilken Investments sued Heller Acquisition and William Plamondon individually, claiming, among others, breach of contract, fraudulent transfer of assets, conversion, attorney fees, and punitive damages. Wilken filed a second amended complaint on October 27, 2008, alleging conversion against both Heller and Plamondon, a request for attorney fees, and a claim for $100,000 against Plamondon for engaging in a conflict-of-interest transaction resulting in an unauthorized distribution to either Plamondon himself or Heller.

Wilken was granted summary judgment on two of its claims against Heller, and later obtained a default judgment on all of its remaining claims when Heller did not appear for trial. At the time of

---

the default judgment against Heller, Plamondon had never been served in his individual capacity.

Approximately seven months after the default judgment against Heller, Wilken was able to serve Plamondon individually. Plamondon filed a motion to dismiss for lack of personal jurisdiction and later filed an amended motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

The trial court held a hearing on all pending motions in the case. The court stated that its ruling on the issue of the motion to dismiss was that

> there is no case anymore against Plamondon. . . . You are not entitled to have a trial and then have the case continue to exist forever. . . . I don't [know] whether there is still a claim against Mr. Plamondon under the statute of limitations or not, but it doesn't seem like you can wait three years, almost three plus years, and then have the case come up for a hearing. A hearing that was scheduled, by the way, by me, not by any of the parties asking for it. . . . That case, as to Mr. Plamondon is over. And so any case further against Mr. Plamondon needs to be pled and re[-]served, refiled, all of that.

Although the court's language at the hearing indicated that any dismissal would be without prejudice, the court issued a written order as follows:

> A final judgment was granted in favor of Plaintiff Wilken and against R. I. Heller Acquisition, Atlanta[,] LLC on August 15, 2007. Plaintiffs had not served Plamondon at that time. Since Plaintiffs failed to serve Plamondon before entry of the judgment, Plamondon was not a party. The judgment was final as to all the parties. *Small v. Peacock*, 171 Ga. 475 [(155 SE 754)] (1930). Service of the original complaint after the judgment was a nullity because Plamondon could not become a party to a closed case. IT IS HEREBY ORDERED that Wilken's case is DISMISSED WITH PREJUDICE against Defendant William N. Plamondon, III.

It is undisputed that the judgment was entered only against Heller Acquisition and also undisputed that the claims against Plamondon individually were not part of the judgment because he was never a party in the case. Therefore, on its face, the order appears to be making an incorrect statement of the law. See *Chrison*

*v. H & H Interiors*, 232 Ga. App. 45 (500 SE2d 41) (1998). In *Chrison*, although named as a defendant, the corporation was never served in a previous Tennessee action and "therefore was not a party to the Tennessee action when it was dismissed with prejudice." Id. at 50. Accordingly, this Court held that the plaintiffs' claims against the corporation could go forward. Id.

The dismissal with prejudice was also error if, as the comments of the trial court at the hearing seem to indicate, the court was dismissing the case against Plamondon for failure to prosecute. See *Lloyd v. Whitworth*, 210 Ga. App. 714, 715 (437 SE2d 636) (1993) ("Pursuant to OCGA § 9-11-41 (b), a dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits, therefore it follows that such a dismissal cannot be with prejudice.").

Plamondon argues that all of the claims were adjudicated, but the record does not support this statement. For instance, Plamondon claims that the court already considered the fraud and conversion claims against him and "rejected" them. In support of this assertion Plamondon cites to comments made by the court in a hearing on the request for a temporary restraining order ("TRO"). The only "ruling" in that case was the court's decision to deny the TRO. There was no adjudication of any claims in the complaint on their merits. Further, Wilken states that the statutes of limitation had not run on its claims against Plamondon when he was served on March 6, 2008. Wilken points out that the claims against Plamondon arose between 2005 and 2007 and the statutes of limitation were four years. Plamondon does not dispute this.

Had the trial court granted the motion under OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief can be granted, the dismissal would have been with prejudice. See *Dillingham v. Doctors Clinic*, 236 Ga. 302 (223 SE2d 625) (1976). But

> [a] motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

*Andrade v. Grady Mem. Hosp. Corp.*, 308 Ga. App. 171, 172 (707 SE2d 118) (2011). Further,

> [i]f . . . the trial court elects to consider matters outside of the pleadings, the motion shall be treated as one for

summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by that code section. OCGA § 9-11-12 (b).

*Cox Enterprises v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000).

Here, we cannot conclude that the trial court granted the motion to dismiss for failure to state a claim and, therefore, it is equally unclear what evidence it considered in making its ruling. Even if the record, as it stands, could support the judge's ruling, it also shows that Wilken was never given notice that the trial court intended to rule on the merits of its claims and therefore was not provided a full and fair opportunity to respond. *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 93 (483 SE2d 602) (1997). Accordingly, because we are unable to determine the grounds for granting the motion to dismiss with prejudice and because we are unable to determine, from the record before us, whether that grant was error, the judgment in this case is vacated and the case is remanded to the trial court for further consideration and clarification of its order.

*Judgment vacated and case remanded. Phipps, P. J., and McFadden, J., concur.*

DECIDED JUNE 17, 2011.

*Johnson & Ward, Stanley E. Kreimer, Jr.,* for appellants.
*Hawkins, Parnell, Thackston & Young, Robert S. Thompson, Carl H. Anderson, Jr.,* for appellee.