A96A1491. FLAGG ENERGY DEVELOPMENT CORPORATION
et al. v. GENERAL MOTORS CORPORATION.
(477 SE2d 402)

SMITH, Judge.

Appellants, Flagg Energy Development Corporation ("FEDCO"), CCF-1, Inc., Process Construction Supply, Inc. ("PCS"), and Kenetech Facilities Management ("KFM"), are four foreign corporations involved in a cogeneration power plant project in Hartford, Connecticut. Appellants brought suit in Fulton County State Court against General Motors Corporation ("GM"), alleging breach of a July 1990 settlement agreement regarding three turbine engines manufactured by GM and installed on the project in Connecticut.[1]

The July 1990 settlement agreement sought to resolve disputes between Allison (a GM subsidiary), certain subcontractors on the Hartford project, FEDCO, and PCS regarding the performance of two engines described in purchase order C10006, also known as units 506 and 507, and a third engine described in purchase order 9000 as an Allison 571-KA gas turbine generator, also known as unit 508. The settlement agreement recites that the terms and conditions of the purchase of the third engine are to be governed by a "Purchase Agreement" attached to the settlement agreement as Exhibit "A". That purchase agreement recites that the third engine shall be subject to the "Allison New Original Equipment Warranty and Disclaimer."

Also in connection with the settlement agreement, FEDCO and PCS executed a "Mutual Irrevocable Release" on behalf of themselves, "their affiliates, . . . successors and assigns" of any and all claims other than "claims by FEDCO brought under the Purchase Agreement between Allison and FEDCO for Allison engine Model 571-KA, Series Number ASP508," the third engine, and certain

---

[1] Appellants acknowledge that the subject matter of this litigation is situated in Connecticut, and their only connection with Georgia is the office of their attorney.

claims regarding the other engines purchased under purchase order C10006. The release provides that it "may not be changed orally."

GM brought a motion to dismiss the complaint as to FEDCO, PCS, and CCF-1 (a subsidiary of FEDCO), pleading the existence of a prior pending action in the Superior Court for the Judicial District of New Haven at Meriden, Connecticut. OCGA § 9-2-5. As to plaintiff KFM, GM moved for summary judgment on two bases: first, that KFM was not a party to the July 1990 settlement agreement and therefore could not bring an action for its breach; and second, that the release executed by FEDCO barred any claims that KFM may have had. The trial court granted the motion on both grounds.

1. The trial court did not err in granting summary judgment as to KFM. The only claim made in the complaint was for breach of the July 1990 settlement agreement, and KFM's claim appears to apply solely to the third engine. The only indication of KFM's interest in the matter presently before this Court is KFM's allegation in the complaint that FEDCO "transferred to KFM its ownership interest and all warranties[2] concerning the Third Engine," and a copy of a request for admission in the Connecticut litigation to that effect.[3]

KFM's allegations regarding transfer of the engine and its warranty, however, do not constitute either an allegation or proof that FEDCO also transferred or assigned to KFM its rights under the July 1990 settlement agreement, the only basis on which appellants' complaint makes a claim against GM. Nor has KFM shown any modification of the mutual irrevocable release executed by FEDCO. By the plain language of the release itself, any modification of its terms was required to be in writing. As to the third engine, the release explicitly bars any and all claims by FEDCO, its successors, or assignees other than "claims *by FEDCO* brought under the Purchase Agreement." (Emphasis supplied.)

The release stipulates that it "shall be governed by the laws of the State of New York." Under New York law, the clear language of a release must be given effect. *Metz v. Metz*, 572 NYS2d 813 (A.D. 1991); see also *Greenebaum v. Barthman*, 620 NYS2d 954 (A.D. 1994). The same is true under Georgia law: "A release or settlement agreement is a contract subject to construction by the court. It is governed by state law applicable to contracts in general. The cardinal rule of construction is to determine the intention of the parties. But no construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous, and

---

[2] We note that the warranty, however, is limited by its terms to the "first retail purchaser."

[3] Under Georgia law, however, requests for admission may not be used in any other proceeding. OCGA § 9-11-36 (b).

capable of only one reasonable interpretation." (Citations and punctuation omitted.) *Darby v. Mathis*, 212 Ga. App. 444-445 (1) (441 SE2d 905) (1994).

"In response to a motion for summary judgment, the non-moving party may not rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial." (Citations omitted.) *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47) (1991). KFM has not shown either an assignment of FEDCO's rights under the July 1990 settlement agreement or a modification of the mutual irrevocable release executed by FEDCO barring any claims other than those made by FEDCO itself. On the record as presented to this Court, the trial court did not err in granting summary judgment on KFM's claim.

2. Appellants assert that the trial court erred in dismissing this action as to FEDCO, CCF-1, and PCS on the basis of the prior pending action in Connecticut. GM contends the dismissal was justified under the plain language of OCGA § 9-2-5. GM's position overlooks, however, the requirement that OCGA § 9-2-5 and the related abatement statute, OCGA § 9-2-44 (a), be construed together. *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249) (1995). Moreover, "[t]he pendency of a prior action in another state shall not abate an action between the same parties for the same cause in this state." OCGA § 9-2-45. See also *Ward v. Ward*, 223 Ga. 868, 871-872 (2) (159 SE2d 81) (1968).

Dismissal of appellants' claim on the basis of a prior pending action in the courts of another jurisdiction was inappropriate. *Fludd v. Tiller*, 184 Ga. App. 93 (360 SE2d 647) (1987). In *Fludd*, as in *Huff*, the prior pending action was pending in federal court, but both decisions were based on the recognition that federal and state courts "may be considered courts of separate jurisdictional sovereignties." *Huff*, supra, 217 Ga. App. at 311 (1). The trial court, however, "certainly had the discretion to stay" a Georgia proceeding pending the disposition of a prior pending action in another jurisdiction. *Fludd*, supra, 184 Ga. App. at 94. See also *Bloomfield v. Liggett & Myers, Inc.*, 230 Ga. 484 (198 SE2d 144) (1973) (stay within scope of trial court's inherent power to control its proceedings).

3. GM also asserts the doctrine of res judicata and the Georgia courts' obligation to give full faith and credit to the judgment of a sister state. See generally OCGA § 9-12-40; *Tandy Computer Leasing v. Bennett's Svc. Co.*, 188 Ga. App. 594, 595 (373 SE2d 647) (1988). GM represents in its brief that a defense verdict has been returned in the Connecticut action, although not yet reduced to judgment. This statement is not supported by evidence and therefore cannot be considered on appeal. An assertion of fact made by a party in its brief and unsupported by evidence in the record cannot be considered by this

Court. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223) (1988). Moreover, OCGA § 9-12-40 provides for the conclusive effect of a *"judgment* of a court of competent jurisdiction." (Emphasis supplied.) Assertions of res judicata based on a verdict not yet reduced to judgment in the Connecticut action are therefore premature.

We note the trial court's observation that the presentation of claims already in litigation in the courts of another state is a waste of the resources of an extremely busy court. We also question whether Georgia's sovereignty is affected in any significant way by the dismissal of this action. We are bound, however, by the clear holding that a stay, rather than dismissal, is the only action within the trial court's discretion given the existence of pending litigation in another state.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 17, 1996.

*George D. Wenick*, for appellants.
*Webb & Lindsey, Mark D. Oldenburg*, for appellee.