## A98A1143. FLAGG ENERGY DEVELOPMENT CORPORATION et al. v. GENERAL MOTORS CORPORATION.
### (509 SE2d 399)

RUFFIN, Judge.

In this contract case, Flagg Energy Development Corporation ("Flagg"), Kenetech Facilities Management ("KFM"), CCF-1, Inc. ("CCF-1"), and Process Construction Supply, Inc. ("PCS") sued General Motors Corporation for breach of a 1990 settlement agreement. General Motors moved to dismiss the case under the doctrine of res judicata based upon a judgment rendered in a Connecticut court, and the trial court granted its motion. On appeal, plaintiffs contend the trial court erred (1) in dismissing the claim because the Connecticut action and the Georgia action did not share identical issues or causes of action; and (2) in failing to use the doctrine of judicial estoppel to preclude General Motors from asserting "contradictory and mutually exclusive arguments" in the two cases. For reasons which follow, we affirm.

Although styled a dismissal, the trial court's order constituted a grant of summary judgment because the trial court considered evidence outside the pleadings. See *Purcell v. C. Goldstein & Sons, Inc.*, 166 Ga. App. 547, 548 (305 SE2d 10) (1983). As such, we must determine whether the movant was entitled to judgment as a matter of

law. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

Flagg is the parent company of CCF-1, a company which owns a power plant in Hartford, Connecticut, that was constructed by PCS. In December 1987, PCS purchased from Sulzer Turbosystems, Inc. ("Sulzer") two turbine engines manufactured by Allison Gas Turbine Division of General Motors ("GM") for use in the power plant.

Due to dissatisfaction with the turbine engines, PCS did not pay Sulzer for the engines until July 1990 when Flagg and PCS reached a settlement agreement with GM and several other parties.

As part of this agreement, GM assumed all of Sulzer's duties under the original purchase order. At the time that the agreement was signed, Flagg purchased a third turbine engine directly from GM, which it subsequently transferred to KFM.

In 1992, Flagg, PCS, and CCF-1 filed suit against GM in Connecticut to recover damages in connection with purchase of the three turbine engines. According to a revised complaint filed in April 1993, these three plaintiffs alleged (1) breach of contract; (2) breach of express warranty; (3) breach of implied warranty; (4) misrepresentation; and (5) breach of repair and replacement warranty. Although the complaint did not specifically seek relief under the 1990 settlement agreement, it did reference GM's assumption of Sulzer's obligations pursuant to the agreement.

On August 1, 1994, while the Connecticut suit was still pending, Flagg, PCS, CCF-1 *and* KFM filed suit in Fulton County, Georgia, alleging breach of the 1990 settlement agreement. On August 28, 1995, GM filed a motion to dismiss and a motion for summary judgment in the Georgia matter because of the pending case in Connecticut. GM also sought judgment against KFM, asserting that KFM (who was not a party in the Connecticut suit) was *not* a party to the 1990 settlement agreement and that KFM had released any claims it had against GM. The trial court granted GM's motion to dismiss without prejudice in light of the pending Connecticut litigation and granted summary judgment in favor of GM against KFM.

On appeal, this Court affirmed the grant of summary judgment against KFM. *Flagg Energy Dev. Corp. v. Gen. Motors Corp.*, 223 Ga. App. 259, 260 (1) (477 SE2d 402) (1996). However, we reversed the dismissal of the case as to Flagg, PCS, and CCF-1, since dismissal of a claim based on a prior pending action in the courts of another jurisdiction is inappropriate. Id. at 261 (2).

On October 3, 1996, the Connecticut court, having previously granted GM's motion for summary judgment as to all claims except CCF-1's claim for breach of the repair and replacement warranty, issued a directed verdict in favor of GM on the remaining count. The Connecticut court also submitted the case to a jury which returned a

verdict in favor of GM which the court accepted. After the final decision had been rendered in Connecticut, GM filed a motion to dismiss the Georgia case on April 18, 1997, alleging the action was barred by res judicata. The trial court granted this motion on August 5, 1997, and plaintiffs appeal.

1. The doctrine of res judicata, codified in OCGA § 9-12-40, provides that " '(a) judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.' Res judicata prevents plaintiffs from splitting up claims arising from the same transaction and prosecuting them piecemeal or presenting only a portion of the grounds on which relief is sought and leaving the rest for a second suit if the first fails." (Citations omitted.) *Danzell v. Cannon*, 224 Ga. App. 602-603 (1) (481 SE2d 588) (1997). Moreover, "[t]he doctrine of full faith and credit renders the judgments and adjudications of courts of sister states of competent jurisdiction res judicata in this state unless the court lacked personal or subject matter jurisdiction or unless the judgment was procured by fraud." *Chrison v. H & H Interiors*, 232 Ga. App. 45, 46-47 (500 SE2d 41) (1998). "However, for one action to act as a bar to a subsequent action, the two actions must share certain characteristics. First, the parties to the two actions must be identical and, second, the subject matter of the actions must also be identical." *Lawson v. Watkins*, 261 Ga. 147, 148 (1) (401 SE2d 719) (1991).

With regard to the requirement that the parties be identical, we note that, although KFM was not a party to the Connecticut claim, it is listed as a plaintiff in the case at bar. In *Flagg*, supra, however, we affirmed the trial court's grant of summary judgment in favor of GM as to KFM. Consequently, KFM is no longer a party to this case, notwithstanding that its name remains on the appellants' enumeration of errors and brief. Therefore, the parties to the two actions are identical.

Thus, the issue before us is whether the subject matter of the two actions is identical. Plaintiffs contend it is not identical since the Connecticut action was based upon the terms of the 1987 purchase agreement and the Georgia action is based upon the 1990 settlement agreement. This contention lacks merit. Plaintiffs based their Connecticut suit on the premise that, pursuant to the 1990 settlement agreement, GM assumed "all duties owed by [Sulzer] under the PCS[ ] Purchase Order." Thus, the Connecticut action involved GM's obligations under the 1990 settlement agreement. The present case involves other obligations GM allegedly undertook pursuant to the same 1990 settlement agreement. In other words, plaintiffs seek to

do exactly what res judicata prohibits — they seek to split a cause of action arising under the same contract. Consequently, the trial court correctly concluded that res judicata bars plaintiffs' Georgia claim.

In any event, even if the Connecticut action had not directly involved claims under the 1990 settlement agreement, res judicata would still serve as a bar to the Georgia claim. It is undisputed that both the Connecticut and Georgia actions stem from the same transactions, that is the purchasing of three allegedly defective turbine engines manufactured by GM. GM's liability under these transactions provides the "subject matter" for both lawsuits, not the legal theory upon which plaintiffs chose to proceed. "From a single wrong but one cause of action can arise." (Punctuation omitted.) *Garrett v. Transus, Inc.*, 177 Ga. App. 844, 845 (1) (341 SE2d 494) (1986). Therefore, since both actions are premised on the same wrong, the Georgia case would be barred even if the Connecticut action was not based, in part, on the 1990 settlement agreement. See *Danzell*, supra at 603 (2) (res judicata barred party who successfully sued to release materialman's lien in South Carolina from bringing tort claim in Georgia arising from the same lien); *Doman v. Banderas*, 231 Ga. App. 229 (499 SE2d 98) (1998) (res judicata barred a party who brought suit for breach of contract and tortious interference of contract from bringing a subsequent suit for defamation).

Finally, we reject plaintiffs' contention that res judicata should not bar the Georgia suit since the Connecticut court did not address the merits of its claims stemming from the 1990 settlement agreement. As an initial matter, there is nothing in the record to support plaintiffs' argument that the Connecticut court declined to address the 1990 agreement. Even so, the issue is not whether the Connecticut court did address all of plaintiffs' arguments on the merits, but whether the Connecticut court could have done so. "[I]t is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense." (Emphasis in original.) *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998). Accordingly, res judicata bars the Georgia suit regardless of whether the Connecticut court addressed the merits of plaintiffs' claims under the 1990 settlement agreement.

2. Plaintiffs also assert that the trial court erred in failing to find that judicial estoppel precluded GM from arguing contradictory and mutually exclusive legal theories in Connecticut and in Georgia. Specifically, plaintiffs argue that GM's res judicata defense in the Georgia case conflicts with GM's position in Connecticut that plaintiffs failed to assert any claims stemming from the 1990 settlement agreement. However, we are not persuaded that GM has taken inconsistent positions. Rather, we agree with GM's statement that "both

actions allege liability against GM arising out of the 1990 Settlement Agreement." In Connecticut, GM simply argued that plaintiffs did not raise any independent claims under the 1990 settlement agreement. This argument does not preclude GM from arguing that the Georgia case is barred by res judicata.

Even if GM had taken inconsistent positions, the result would have been the same. "The primary purpose of the doctrine [of judicial estoppel] is not to protect the litigants, but to protect the integrity of the judiciary." *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994). However, plaintiffs invoke this doctrine to protect their own interests. In the case at bar, the integrity of the judiciary is best protected by promoting judicial economy rather than giving plaintiffs a second opportunity to present evidence of the same wrong. "A litigant must discharge all his weapons, and not reserve a part of them for use in a future [encounter]. He must realize that one defeat will not only terminate the campaign, but end the war." (Punctuation omitted.) *Piedmont Cotton Mills*, supra at 111.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1998.

*Smith & Fleming, George D. Wenick*, for appellants.
*Mark D. Oldenburg*, for appellee.