S02A0758. SNUGGS v. SNUGGS et al.
(571 SE2d 800)

SEARS, Presiding Justice.

The appellant, James Snuggs, filed this action against his parents, Louise Snuggs and John Mason Snuggs, Sr.,[1] contending that he was entitled to recover funds that were due him under an oral, implied trust allegedly established by his maternal grandfather "to fund the advanced educations" of his four grandchildren. Louise Snuggs moved to dismiss James's complaint, and in ruling on the motion, the trial court assumed that a trust had been created, and assumed that the allegations of James's complaint were true.[2] The trial court ruled that James's action was barred by the applicable statute of limitation and that the complaint failed to state a claim on which relief could be granted. James has now filed this appeal. Because we conclude that the trial court erred in granting the motion to dismiss, we reverse its judgment and remand the case to it for proceedings consistent with this opinion.

1. The applicable statute of limitation for a breach of trust claim that arises after July 1, 1991, is, in relevant part, six years from the date the beneficiary "discovered, or reasonably should have discovered, the subject of the claim."[3] As for claims that arose before July 1, 1991, OCGA § 53-12-198 (d) provides that such a "claim is barred unless a proceeding to assert the claim is commenced either prior to the date the claim would have been barred had this Code section not

---

[1] Although John Snuggs is a named party to the appeal, he admitted the allegations of James Snuggs's complaint regarding the creation and funding of the trust in question, did not file a motion to dismiss the complaint in the trial court, and has not filed a brief in this Court. Accordingly, the use of the word "appellee" in this opinion refers only to Louise Snuggs.

[2] See *Lathem v. Hestley*, 270 Ga. 849 (514 SE2d 440) (1999).

[3] OCGA § 53-12-198 (a).

been enacted or within six years from July 1, 1991, whichever is sooner." In the present case, if OCGA § 53-12-198 had not been enacted, the applicable statute of limitation for James's breach of trust claim would have been OCGA § 9-3-27, which required breach of trust claims to be brought within ten years of the accrual of the cause of action.[4] Thus, for claims arising before July 1, 1991, James would have had to bring the claim within ten years from the date the cause of action accrued or within six years of July 1, 1991, whichever was sooner.

In ruling that James's breach of trust claims were barred by the statute of limitation, the trial court concluded that James's causes of action accrued (1) in 1986, when, according to James's complaint, he sought a loan from the trust for his undergraduate education, but his mother and father declined to loan him any money from the trust, and (2) in 1991, when, according to James's complaint, he sought an accounting and disbursements from the trust. Accordingly, since James did not file his complaint until 1999, the trial court concluded that James's cause of action was barred by the applicable statute of limitation.

We conclude, however, that the trial court erred in ruling that James's causes of action accrued before July 1, 1991. First, James's allegations concerning the trustees' refusal to loan him money for undergraduate work in 1986 do not allege a violation of the trust. In this regard, the complaint alleged that the trust was to pay for educational needs, not to loan money for educational needs. Thus, any denial of a loan for education purposes would not have been a violation of the alleged trust.

In addition, James's factual allegation that he sought a loan of trust funds in 1986 was accompanied by the factual allegations that the trust was for the "advanced education" of the beneficiaries and that the trustees stated that such a loan could not be made because the trust funds were to be used only for post-graduate education. Because James is the nonmovant, his "pleadings must be construed most favorably to him and all doubt resolved in his favor."[5] Construing the complaint most favorably to James, we must conclude that the trust was to pay for post-graduate education, and that any denial of a loan for undergraduate work in 1986 would not be a violation of the trust.[6] Thus, we conclude that the trial court erred in ruling that

---

[4] See Comment to OCGA § 53-12-198, and Ga. L. 1991, pp. 810, 882, § 4, which deleted any reference to trustees in § 9-3-27.

[5] *Lathem*, 270 Ga. at 850.

[6] We note that in dismissing James's complaint for failure to state a claim, see Division 2 of this opinion, infra, the trial court stated that the purpose of the trust was to pay for post-graduate education. Thus, the trial court's ruling on the motion to dismiss for failure to state a claim is inconsistent with the trial court's ruling on the motion to dismiss based on

James's cause of action accrued in 1986 and in ruling that the statute of limitation barred his action.

Similarly, we conclude that the trial court erred in ruling that James's cause of action accrued in 1991. In this regard, James's complaint alleged that he sought an accounting and disbursement of trust funds in 1991. This allegation was followed by the factual allegation that the trustees stated that 25% of the trust fund belonged to him; that the trustees were not personally spending the trust fund; and that the trustees stated that the fund would be disbursed when all the beneficiaries had finished college and after it was determined how much of the fund would be needed for graduate school. Construing these allegations most favorably to James does not result in the conclusion that the trustees breached the trust in 1991. Instead, it is consistent with the theory that the trust was for post-graduate work, that the trust funds should be disbursed to the grandchildren to the extent the funds were not needed for post-graduate work, and that only when the trustees determined the amount of trust funds that would be needed for that purpose would they distribute the corpus of the trust to the grandchildren. Thus, we conclude that the trial court erred in ruling that James's cause of action accrued in 1991.

Moreover, and perhaps most importantly, James's complaint alleged that in 1997, Ms. Snuggs stated that she was going to use the trust funds for her personal benefit and that she, in fact, did so. Even if the trustees breached the trust in 1986 and again in 1991 by not making distributions to the beneficiaries, the fact remains that the allegations of the complaint show that Ms. Snuggs admitted in 1997 that she held trust property and that she intended to use it for her personal benefit. Because this is a separate breach of trust from those that the trial court ruled occurred in 1986 and 1991, the cause of action for that breach of trust was not barred by the applicable statute of limitation.

For the foregoing reasons, we conclude that the trial court erred in dismissing James's cause of action on the ground that it was barred by the statute of limitation.

2. The trial court also dismissed James's complaint on the ground that it failed to state a claim on which relief could be granted. In so ruling, the trial court stated that James alleged that the trust funds were to be used for post-graduate education, but that since James also alleged that neither he nor his siblings had attended graduate school, James had no cause of action against the trustees for disbursal of the trust funds. This ruling, however, ignores the

the statute of limitation, in which, as noted above, the trial court ruled that the trust was violated in 1986 when the trustees would not loan money to James for his undergraduate education.

allegations of the complaint that Ms. Snuggs has converted the trust funds for her personal benefit. Even if the trust funds were not required to be disbursed for a permitted purpose, Ms. Snuggs is not entitled to use them for her personal benefit,[7] and the allegations that she has done so are sufficient to state a claim for breach of trust. Accordingly, the trial court erred by dismissing the complaint for failure to state a claim.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*Steven G. Early*, for appellant.

*Davis, Matthews & Quigley, Richard W. Schiffman, Jr., Kurt A. Kegel, Weissmann & Zucker, Scott I. Zucker*, for appellees.

---

[7] See *Hanson v. First State Bank &c. Co.*, 259 Ga. 710, 714 (385 SE2d 266) (1989).