A02A2025. SIMON et al. v. GUNBY.
(578 SE2d 482)

MILLER, Judge.

Arthur Simon, M.D., and the Plastic Surgery Institute, P.C. appeal from the trial court's denial of their motion for summary judgment on Judy Gunby's malpractice claim. As res judicata bars Gunby's complaint, we reverse.

To prevail at summary judgment under OCGA § 9-11-56 (c), the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of

---

[5] *Cato v. State*, 195 Ga. App. 619, 620 (2) (394 SE2d 413) (1990).
[6] Id.

law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The moving party may discharge its burden by pointing out by reference to affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. Id. When reviewing the denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Burns v. Dees*, 252 Ga. App. 598, 599 (557 SE2d 32) (2001).

Viewed in the light most favorable to Gunby, the evidence shows that in 1995 Dr. Simon removed Gunby's silicone breast implants, which she had obtained several years earlier, and replaced them with saline implants. In February 1997, in response to Gunby's complaints of problems with her right breast, Dr. Simon performed a capsulectomy to break up scar tissue in the right breast. Three months after the capsulectomy, Gunby was diagnosed with a rupture to the right breast implant and a leak in the left implant. In July 1997, Dr. Simon removed both implants and replaced them with silicone implants. In November 1997, after Gunby complained of pain in her right breast for several months, Dr. Simon performed surgery to release a scar band in Gunby's right breast. A report from the implant manufacturer showed that the right implant removed in July 1997 was leaking due to a rent on the edge of the implant consistent with markings made by a sharp instrument.

In February 1999, Gunby sued Dr. Simon and the Plastic Surgery Institute for medical malpractice, breach of contract, and failure to secure informed consent, arising out of the February 1997 surgery. The trial court dismissed the complaint with prejudice due to Gunby's failure to attach an expert affidavit as required by OCGA § 9-11-9.1.

Gunby subsequently filed a second complaint in May 1999, with the expert affidavit attached, asserting the same causes of action and also alleging that she suffered damages due to the July 1997 and November 1997 surgeries. The defendants moved for summary judgment on the ground that Gunby was barred from bringing the second suit under the doctrine of res judicata. The trial court denied the motion, and Dr. Simon and the Plastic Surgery Institute now appeal.

Under OCGA § 9-12-40, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." See *Roth v. Gulf Atlantic Media of Ga.*, 244 Ga. App. 677, 678-680 (1) (536 SE2d 577) (2000); *Sorrells Constr. Co. v. Chandler Armentrout & Roebuck, P.C.*, 214 Ga. App. 193-194 (447 SE2d 101) (1994). "Res judicata will bar a plaintiff's action if the plaintiff has brought another action based on the same subject matter, the plaintiff had a full and fair

opportunity to litigate the other action, the other action resulted in an adjudication on the merits, and the other action was against the same defendant or its privy." (Citation, punctuation and emphasis omitted.) *Garrett v. Life Ins. Co. of Ga.*, 221 Ga. App. 315, 317 (1) (471 SE2d 262) (1996).

It is undisputed that the first action was against the same defendant, that it was an adjudication on the merits, and that Gunby had a full and fair opportunity to litigate the other action. Therefore, the issue on appeal is whether Gunby has brought another action based on the same subject matter. Gunby's own expert averred that the July 1997 procedure would not have been necessary but for Dr. Simon's breach of care in the February surgery, and that the November surgery would not have been necessary but for Dr. Simon's February and July breaches of care. Gunby herself stated in her complaint that the July surgery "would not have been necessary if [Dr. Simon] had not punctured [her] right breast implant during the February 6, 1997 surgery."

"Res judicata prevents plaintiffs from splitting up claims arising from the same transaction and prosecuting them piecemeal or presenting only a portion of the grounds on which relief is sought and leaving the rest for a second suit if the first fails." (Citation and punctuation omitted.) *Flagg Energy Dev. Corp. v. Gen. Motors Corp.*, 235 Ga. App. 540, 542 (1) (509 SE2d 399) (1998). Here Gunby seeks to do precisely that which res judicata prohibits. Compare id. at 542-543 (1). The evidence shows that the subsequent remedial measures to correct problems with Gunby's implants were at least related to, if not a consequence of, the February capsulectomy. Therefore, all three procedures concerned the same subject matter. Res judicata requires that "a plaintiff must bring every claim for relief he has concerning the same subject matter in one lawsuit." (Citation and punctuation omitted.) *Brinson v. First American Bank of Ga.*, 200 Ga. App. 552, 555 (1) (409 SE2d 50) (1991); see *Fowler v. Vineyard*, 261 Ga. 454, 458 (3) (b) (405 SE2d 678) (1991). Therefore, Gunby was required to bring all claims related to the February surgery in the first action, which she failed to do.

As Gunby has failed to assert all claims for relief in one lawsuit, the second action is barred by res judicata. See *Fowler*, supra, 261 Ga. at 458 (3) (b). Accordingly, the trial court erred in denying the appellants' motion for summary judgment.

*Judgment reversed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 13, 2003 —
RECONSIDERATION DENIED FEBRUARY 27, 2003 — 

*Hall, Booth, Smith & Slover, Karl M. Braun, Justin M. Kerenyi,* for appellants.

*Curtis A. Thurston, Jr.,* for appellee.