## S03G0909. GUNBY v. SIMON et al.
### (594 SE2d 342)

HINES, Justice.

We granted certiorari in *Simon v. Gunby,* 260 Ga. App. 3 (578 SE2d 482) (2003), to consider whether the Court of Appeals was correct when it determined that any malpractice action based on the second and third of three surgeries Dr. Simon performed on Ms. Gunby was barred by res judicata because of the dismissal with prejudice of a suit based upon the first of her surgeries. Finding that the Court of Appeals erred, we reverse.

In 1995, Dr. Simon removed silicone breast implants from Ms. Gunby and replaced them with saline implants. Problems developed with the right breast implant, and in February 1997, Dr. Simon operated to remove scar tissue in that breast. In July 1997, because of a rupture in the right implant and a possible leak in the left, Dr. Simon replaced both implants. Ms. Gunby continued to have problems with the right implant, and in November 1997, Dr. Simon performed further surgery on the right breast.

In February 1999, Ms. Gunby sued Dr. Simon and the Plastic Surgery Institute ("Simon"), alleging medical malpractice, breach of contract, and failure to secure her informed consent, all based upon the February 1997, surgery. This complaint was dismissed with prejudice for failure to attach the expert affidavit required by OCGA § 9-11-9.1. In May 1999, Ms. Gunby ("Gunby") filed a second complaint, asserting claims of medical malpractice, breach of contract, and battery based upon a failure to secure her informed consent, that were alleged to have arisen from the July and November 1997 surgeries, and a claim for intentional infliction of emotional distress, based upon the November 1997 surgery. This second complaint also included claims arising from the February 1997 surgery.

Simon moved for summary judgment on this second complaint, asserting that the doctrine of res judicata barred it in its entirety. The trial court denied the motion and issued a certificate of immediate review. The Court of Appeals granted an interlocutory appeal and reversed the decision of the trial court, finding that under the doc-

trine of res judicata, Gunby's second complaint is barred in its entirety by the dismissal of the first complaint which was based upon the February 1997 surgery. See *Simon,* supra.

The doctrine of res judicata promotes the finality of judgments and prevents the re-litigation of claims. It is codified at OCGA § 9-12-40, which states: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Thus, for res judicata to apply, there are three prerequisites: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (1) (463 SE2d 5) (1995). The only question here is the identity of the causes of action, or, in the language of OCGA § 9-12-40, whether the claims arising from the July and November 1997 surgeries were part of "the cause wherein the judgment was rendered" as to the February 1997 surgery.

The Court of Appeals stated that the evidence was undisputed that the July and November surgeries "would not have been necessary but for" the breach of care in the February surgery. But that is not the test for application of res judicata. The fact that the causes of action may be related is not controlling; they must be the same. Each operation was a separate event, for which separate obligatory duties were owed. See *Snuggs v. Snuggs*, 275 Ga. 647-650 (1) (571 SE2d 800) (2002). To the extent that such duties were breached in the July and November 1997 surgeries, those breaches created causes of action separate from the causes of action based on the February 1997 surgery. Although Simon contends that the second and third surgeries appeared in the second complaint as simply "damages" flowing from the first surgery, that is not so; the second complaint clearly asserts separate causes of action based upon those later surgeries.[1]

This result is not changed by the fact that Gunby *could* have, had she so chosen, placed all of the causes of action that appeared in the second complaint in the first complaint. Georgia follows the doctrine known as permissive joinder:

> where, as here, a plaintiff has multiple dealings with a defendant, our law does not require that [s]he assert every separate claim for relief that [s]he may have against the defendant in one single lawsuit or risk losing the claim for

---

[1] In fact, the February 1997 surgery involved only the right breast, while the July 1997 surgery involved both breasts.

relief forever, as would be the case if our joinder statute provided for mandatory rather than permissive joinder. Instead, our law requires that such a plaintiff must bring every claim for relief [s]he has concerning the same subject matter in one lawsuit.

*Lawson v. Watkins*, 261 Ga. 147, 149-150 (2) (401 SE2d 719) (1991). While a plaintiff may join several claims arising out of different subject matters, she is not *required* to do so. Id. To avoid res judicata, her responsibility is to bring every claim for relief concerning the same subject matter in one lawsuit. Id. at 149-150 (2). The fact that the subject matter of different lawsuits may be linked factually does not mean that they are the same "cause" within the meaning of OCGA § 9-12-40; "the subject matter of the actions must . . . be identical." *Lawson*, supra at 148 (1). Here, the subject matter of the different actions were separate surgeries, and thus they were not identical causes of action.

While the Court of Appeals's reasoning is correct as to the claims in the second complaint which are based on the February 1997 surgery, it erred in finding that res judicata barred the claims based on the separate, later, surgeries.[2]

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 22, 2004.

*Curtis A. Thurston, Jr.*, for appellant.
*Hall, Booth, Smith & Slover, Karl M. Braun, Justin M. Kerenyi*, for appellees.

---

[2] Although Simon asserts that the affidavit filed with the second complaint pursuant to OCGA § 9-11-9.1 was insufficient, the Court of Appeals did not address that matter. Our review on certiorari is limited to the Court of Appeals's ruling regarding res judicata.