In re Mark D. MANN, Debtor.

Ryan Bowersox, Plaintiff,

v.

Mark D. Mann, Defendant.

Bankruptcy No. 10–71172–MHM.
Adversary No. 10–9063.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 7, 2013.

Reconsideration Granted Oct. 21, 2013.

John V. Kuruvilla, Kuruvilla Law Firm, PC, Atlanta, GA, for Plaintiff.

Mark D. Mann, White, GA, pro se.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

MARGARET H. MURPHY, Magistrate Judge.

This proceeding is before the court on Debtor's *Motion for Summary Judgment* filed June 19, 2013 (Doc. No. 63) and a supplement to that motion filed July 15, 2013 (Doc. No. 70) (together, the "Motion").[1] On July 20, 2010, Plaintiff filed a complaint seeking a determination that Plaintiff's claim is not dischargeable under 11 U.S.C. §§ 523(a)(2) and (a)(6), alleging Debtor pledged property Debtor did not own as security for a loan from Plaintiff. A default judgment entered in Cherokee County Superior Court is attached to the complaint, awarding Plaintiff $9,000 in principal, $2,200 in pre-judgment interest, and $3,626 in attorneys' fees. Debtor argues that Plaintiff did not raise a fraud issue in the state court litigation, and is thus estopped from seeking nondischargeability based on fraud in the bankruptcy case.

When considering the preclusive effect of state court judgments, federal courts should apply the law of the state where the judgment was entered. *St. Laurent v. Ambrose,* 991 F.2d 672, 675 (11th Cir.1993). "Under the doctrine of res adjudicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause of action as a pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation." *Harvey v. Wright,* 80 Ga.App. 232, 55 S.E.2d 835 (1949) (citations omitted).

*Res judicata* cannot apply to preclude litigation of those issues of dischargeability which are committed to the exclusive jurisdiction of the bankruptcy court. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). However, *res judicata* does bar any claim or defense which a party *should* have asserted against an opposing party if such claim or defense arises out of the transaction or occurrence that is the subject matter of the prior litigation. *Southern Jam, Inc. v. Robinson,* 675 F.2d 94 (5th Cir.1982). Therefore, where Plaintiff could have raised a claim for fraud in the prior state court litigation but failed to do so, Plaintiff is estopped from *raising a claim* for fraud in the Bankruptcy Court. Because the issue of dischargeability was not before the state court, however, the state court default judgment against Defendant is not preclusive for the purposes of establishing any facts with respect to dischargeability. Accordingly, it is hereby

---

1. Plaintiff's *Response* points out that a Scheduling Order entered February 9, 2011 set May 9, 2011 as the last day to file dispositive motions. Plaintiff has not pointed to any prejudice arising From consideration of the Motion, Consideration of the Motion serves judicial economy by narrowing the scope of further litigation.

**ORDERED** that the Motion is *granted to* the extent the complaint seeks recovery under a claim of fraud, and the Motion is *denied* with respect to the dischargeability of Plaintiff's claims, including whether Plaintiff's claims are dischargeable under § 523(a)(2) as arising from false pretenses, a false representation, or actual fraud.

IT IS SO ORDERED.

## ORDER GRANTING MOTION FOR RECONSIDERATION

This proceeding is before the court on Plaintiff's *Motion for Reconsideration* filed August 22, 2013 (Doc. No. 84) (the "Motion"), seeking reconsideration of an order entered August 7, 2013 (Doc. No. 80) (the "Order"). On July 20, 2010, Plaintiff filed a complaint seeking a determination that Plaintiff's claim is not dischargeable under 11 U.S.C. §§ 523(a)(2) and (a)(6), alleging Debtor pledged property Debtor did not own as security for a loan from Plaintiff. Defendant filed a *Motion for Summary Judgment* June 19, 2013 (Doc. No. 63), and a supplement to that motion July 15, 2013 (Doc. No. 70), arguing a default judgment entered in Cherokee County Superior Court has preclusive effect on the present litigation because Plaintiff did not raise a fraud issue in the state court litigation. The Order granted Defendant's *Motion for Summary Judgment* to the extent Plaintiff seeks to raise a claim for fraud which could have been brought in the state court litigation, but denied the *Motion for Summary Judgment* on the dischargeability issue, which was not an issue that could have been raised in the state court litigation. In the Motion, Plaintiff argues the court erred by granting summary judgment as to a claim for fraud.

■ Generally, motions for reconsideration should not be used to relitigate issues already decided, to pad the record for an appeal or to substitute for an appeal. *Kellogg v. Schreiber,* 197 F.3d 1116 (11th Cir. 1999); *In re McDaniel,* 217 B.R. 348 (Bankr.N.D.Ga.1998) (J. Drake). Similarly, they should not be used to raise arguments which were or could have been raised before judgment was issued. *Kellogg v. Schreiber,* 197 F.3d 1116; *McDaniel,* 217 B.R. 348; *O'Neal v. Kennamer,* 958 F.2d 1044 (11th Cir.1992). Plaintiff's *Response to Defendant's Motion for Summary Judgment* cited 11th Circuit case law to support Plaintiff's assertion that *res judicata* was inappropriate (Doc. No. 76) (the "Response"). The Motion now relies on Georgia case law which was not cited in the Response; however, in the interest of doing justice, the Motion will be considered.

■ Plaintiff asserts the fraud claim is not the same cause of action as was raised in state court; therefore, the state court judgment cannot preclude a subsequent fraud claim. O.C.G.A. § 9–12–40 provides, "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered[.]" Georgia courts have held the doctrine of *res judicata* requires four elements: (1) adjudication by a court of competent jurisdiction, (2) identity of the parties in each action, (3) identity of the subject matter, and (4) that the party against whom *res judicata* is raised had a full and fair opportunity to litigate the issues in the first action. *Fowler v. Vineyard,* 261 Ga. 454, 455–56, 405 S.E.2d 678 (1991).

■ Identity of the subject matter is the issue in the present Motion, and case law on that issue is contradictory. For example, in *Fowler,* the Supreme Court of

Georgia stated, "One must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to O.C.G.A. § 9–12–40." *Fowler*, 261 Ga. at 458, 405 S.E.2d 678. However, as Plaintiff points out in the Motion, the Supreme Court later stated that, "although the subject matter may be the same and even though the causes arose out of the same transaction[,]" the cause of action is not the same if "the operative facts necessary to the causes of action are different in the two cases." *Morrison v. Morrison*, 284 Ga. 112, 114, 663 S.E.2d 714 (2008) (citations omitted); *see, also, Body of Christ Overcoming Church of God, Inc. v. Brinson*, 287 Ga. 485, 696 S.E.2d 667 (2010) (citing *Morrison* ); *Baxter v. Fairfield Financial Services, Inc.*, 307 Ga.App. 286, 704 S.E.2d 423 (2010) (citing *Morrison* ); *but, see, Mobley v. Sewell*, 226 Ga. App. 866, 868, 487 S.E.2d 398 (1997) ("Res judicata prevents plaintiffs from asserting claims arising from the same transaction piecemeal or presenting only a portion of the grounds on which relief is sought and leaving the rest for a second suit[.]"); *Atlanta J's, Inc. v. Houston Foods, Inc.*, 237 Ga.App. 415, 416, 514 S.E.2d 216 (1999); *Helmuth v. Life Ins. Co. of Georgia*, 194 Ga.App. 685, 391 S.E.2d 412 (1990) (prior suit seeking proceeds from insurance policy precluded subsequent suit alleging fraud against insurance company). In so holding, *Morrison* states, " 'The fact that the subject matter of different lawsuits may be linked factually does not mean they are of the same "cause" within the meaning of OCGA § 9–12–40 . . . .' " 284 Ga. at 115, 663 S.E.2d 714, quoting *Gunby v. Simon*, 277 Ga. 698, 700, 594 S.E.2d 342 (2004). Curiously, in *Gunby*, the rest of the sentence quoted by *Morrison* states, "the subject matter of the lawsuits must be . . . identical." 277 Ga. at 700, 594 S.E.2d 342 (quoting *Lawson v. Watkins*, 261 Ga. 147, 401 S.E.2d 719 (1991)). Thus, the law of res judicata is complicated and, at times, contradictory.

When considering the preclusive effect of state court judgments, federal courts should apply the law of the state where the judgment was entered. *St. Laurent v. Ambrose*, 991 F.2d 672, 675 (11th Cir. 1993). The Supreme Court of Georgia's most recent statement of the law of the state is the best indicator of the law of the state; accordingly, the Court must determine whether "the operative facts necessary" in the state court action are the same as those in a fraud action. *Morrison*, 284 Ga. at 114, 663 S.E.2d 714. Clearly, they are not: the state court judgment determined that Defendant owed Plaintiff $9,000 in principal and $2,200 in interest pursuant *to* their loan agreement, additional pre- and post-judgment interest accruing from the date of maturity of the loan, and $3,636 in attorney's fees for Defendant's stubborn litigiousness. No facts were alleged in state court to give rise to an action in (or claim of) fraud. The fraud allegations in the complaint to determine dischargeability in this court assert Defendant misrepresented his control over purported collateral offered as security for the loan agreement. The state court action did not require adjudication of the same facts required to raise Plaintiff's fraud claim. Accordingly, it is hereby

ORDERED that the Motion is ***granted:*** the Order is ***amended*** such that Defendant's *Motion for Summary Judgment* is ***denied.***

IT IS SO ORDERED.