IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 12, 2020 Session

## REGIONS BANK v. NATHAN I. PRAGER

**Appeal from the Circuit Court for Shelby County**
**No. CT-003321-17  James F. Russell, Judge**

_____

### No. W2019-00782-COA-R3-CV
_____

This appeal arose from a dispute involving an unpaid promissory note.  In May 2014, Plaintiff filed its first suit for breach of contract.  The trial court dismissed the case under Rule 41.02 for failure to prosecute.  Opposing the dismissal, Plaintiff filed a Motion to Reconsider.  The trial court denied Plaintiff's motion and stated the dismissal was neither "with nor without prejudice" and that Plaintiff was "welcome to refile."  Relying on the trial court's statements, Plaintiff declined to appeal and filed a second action.  Defendant filed a Motion to Dismiss the second suit, arguing it is barred by res judicata.  The trial court granted Defendant's motion and denied Plaintiff's subsequent Motion to Reconsider.  We agree with the trial court's dismissal of this suit and subsequent denial of Plaintiff's Motion to Reconsider.  We therefore affirm the circuit court's decision and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which KENNY W. ARMSTRONG, J., joined.  J. STEVEN STAFFORD, P.J., W.S., filed a separate opinion, dissenting.

Christopher Wilson Conner, Tyler Christopher Brown, and Jon M. Williams, Maryville, Tennessee, for the appellant, Regions Bank.

Joseph Duane Barton, Millington, Tennessee, for the appellee, Nathan I. Prager.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

## I.    FACTS & PROCEDURAL HISTORY

The relevant sequence of events that led to this appeal pertains to the procedural history of this case rather than its substance.  This case stems from Nathan Prager ("Defendant") executing a promissory note as borrower with Regions Bank ("Plaintiff") as lender.  After the note went unpaid, Plaintiff filed suit on May 2, 2014 ("first case"), alleging breach of contract and seeking $51,757.69 as the unpaid balance due.

On August 11, 2016, the trial court entered an "Order of Dismissal for Lack of Prosecution."  Initially, neither party was aware of this order and neither was served with notice or a copy.  Plaintiff did not become aware of the order until June 29, 2017.  The order did not state whether the dismissal was with or without prejudice.  After learning of the order, Plaintiff filed a "Motion to Set Aside the Dismissal and a Motion to Reconsider," both of which were denied.  In its oral ruling, the trial judge stated, "a dismissal for lack of prosecution under those circumstances is simply a dismissal pursuant to Rule 41.  And *unless it is designated, quote, with prejudice, . . . it is neither with nor without prejudice* and that doesn't bar you from refiling the suit."  (Emphasis added).  The court reiterated this statement in its written order and incorporated by reference therein the transcript of its oral ruling.  While these statements were inaccurate, Plaintiff relied on them and did not appeal any of the rulings of its first case.

Under the belief the trial court gave permission to refile its suit, on August 8, 2017, Plaintiff filed a second cause of action to recover the balance of the unpaid note.  Thereafter, Defendant filed a Motion to Dismiss, arguing that the claim was previously adjudicated and dismissed under Rule 41.02(3).  The trial court agreed and granted Defendant's Motion to Dismiss.  Plaintiff filed a Motion to Reconsider, stating that the order denying its motion to reconsider in the first suit made it clear that the dismissal was meant to be without prejudice.

The court disagreed.  The Motion to Reconsider was heard on March 22, 2019.  During his oral ruling, the trial judge stated that his previous statement that the action could be refiled was merely "a side bar comment" and should not have been interpreted as a ruling.  Plaintiff timely appealed.

## II.    ISSUES PRESENTED

---

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

- 2 -

Plaintiff presents three issues on appeal.

1. Whether the Trial Court properly dismissed Plaintiff/Appellant's Complaint on September 8, 2018;

2. Whether Plaintiff/Appellant's Motion to Reconsider should be construed as a Rule 59.04 motion to alter or amend judgment rather than a Rule 60.02 motion for relief from judgment; and

3. Whether the Trial Court properly denied Plaintiff/Appellant's Motion to Reconsider on April 10, 2019.

In response, Defendant raises no additional issues.

For the reasons stated herein, we affirm the decisions of the circuit court and remand for further proceedings.

### III. STANDARD OF REVIEW

"A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). *See also Napolitano v. Bd. of Prof'l Responsibility*, 535 S.W.3d 481, 496 (Tenn. 2017) (citing *Long v. Bd. of Prof'l Responsibility of Supreme Court*, 435 S.W.3d 174, 183 (Tenn. 2014)).

Decisions on whether to grant Rule 59.04 motions are reviewed under an abuse of discretion standard. *Kirk v. Kirk*, 447 S.W.3d 861, 870 (Tenn. Ct. App. 2013); *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003) (citing *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)). Post-judgment motions under Rule 60.02 are also given an abuse of discretion standard of review. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

### IV. DISCUSSION

At the outset, we must note that we are not reviewing the merits of any ruling or judicial action from Plaintiff's first case. While the parties, claims, and prayers for relief are identical, the actions are separate. This Court may only address the issues presented in the present case.

In his motion to dismiss, Defendant asserted Plaintiff's claim is barred by res judicata. "The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Napolitano*, 535 S.W.3d at 496 (quoting *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009)). The doctrine is meant "to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Id.* To successfully plead res judicata, the asserting party must show:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

*Id.* (quoting *Long*, 435 S.W.3d at 183). Two suits are considered the same "cause of action" when "they arise out of the same transaction or a series of connected transactions." *Creech*, 281 S.W.3d at 381.

Generally, "a dismissal for failure to prosecute pursuant to [R]ule 41.02 operates as an adjudication on the merits and bars a subsequent suit on the same action." *Green v. Johnson*, 59 S.W.3d 102, 104 (Tenn. Ct. App. 2000) (citing *Madyun v. Ballard*, 783 S.W.2d 946, 948 (Tenn. Ct. App. 1989)). Rule 41.02(3) states:

> *Unless the court in its order for dismissal otherwise specifies*, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, *operates as an adjudication upon the merits*.

Tenn. R. Civ. P. 41.02 (3) (emphasis added). While dismissals under Rule 41.02 are typically not favored by courts, *see Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003), trial courts are given broad authority to control their dockets. *Hodges v. Attorney Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000).

In the present case, there is no dispute that the trial court had jurisdiction to hear Plaintiff's first case. Additionally, Plaintiff and Defendant were the same parties in the prior suit. Further, it is clear that both the first case and the present case involve the same breach of contract claim related to the promissory note. Therefore, to determine whether res judicata bars this suit, our only inquiry is whether the dismissal of Plaintiff's first suit was a final judgment on the merits. *See Napolitano*, 535 S.W.3d at 496.

The trial court dismissed the first suit for failure to prosecute. Although the order

of dismissal for the first case is not in the record before us, the parties agree it did not state whether the dismissal was with or without prejudice. The first case was not dismissed for a lack of jurisdiction, improper venue, or the absence of an indispensable party. In the absence of language that indicates otherwise, this dismissal was therefore "on the merits." *See* Tenn. R. Civ. P. 41.02(3). Despite the straightforward wording of the rule, confusion resulted when the trial court gave an erroneous statement of the substance of Rule 41.02.

During its oral ruling on Plaintiff's Motion to Reconsider in the first case, the trial court stated, "unless it is designated, quote, with prejudice, . . . it is neither with nor without prejudice and that doesn't bar you from refiling the suit. . . . You're welcome to refile the suit."[2] This statement is in direct conflict with the plain language of Rule 41.02(3). As previously stated by our Supreme Court, dismissal under Rule 41.02(3) is "with prejudice [when] the order fail[s] to provide otherwise." *Henry*, 104 S.W.3d at 478. Therefore, in the absence of language to the contrary, we find the order of dismissal in the first suit was in fact both final and on the merits. *See, e.g.*, *Green*, 59 S.W.3d at 105 (holding res judicata bars the plaintiff's second petition after the first was dismissed under Rule 41.02 for failure to prosecute); *Madyun*, 783 S.W.2d at 948 ("Since [the Rule 41.02] dismissal became final and is an adjudication on the merits, the instant case was properly dismissed."). Plaintiff claims that the trial court actually intended the dismissal to be without prejudice, as evidenced by its comments that Plaintiff could refile. However, a proper application of Rule 41.02 to the operative order renders a different conclusion. The doctrine of res judicata bars Plaintiff from reasserting its claim. *See* *Napolitano*, 535 S.W.3d at 496. We therefore affirm the trial court's decision to dismiss Plaintiff's complaint.

Our holding is the same regardless of whether Plaintiff's Motion to Reconsider is viewed as a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04 or as a motion for relief from judgment pursuant to Tennessee Rule of Civil Procedure 60.02. Plaintiff's Motion to Reconsider lacked any citation to a particular rule as grounds for relief. This left the trial court to decipher the substance of the motion. On appeal, Plaintiff asserts it should be viewed as a Rule 59.04 motion to alter or amend. In either circumstance, we find no abuse of discretion by the trial court in affirming the dismissal of the present suit. *See Henderson*, 318 S.W.3d at 335 (stating the standard of review for Rule 60.02 motions); *Kirk*, 447 S.W.3d at 870 (stating the standard of review for Rule 59.04 motions). The trial court correctly found that this suit is barred by res judicata. As such, its decision to deny Plaintiff's subsequent motion was proper.

---

[2] The trial court addressed this comment during its oral ruling on Plaintiff's Motion to Reconsider the dismissal of the second suit. The trial court dismissed the statement as nothing more than a "side bar comment" that should not have been interpreted as a quote or ruling. Respectfully, we fail to see how this could only be interpreted as a supposed "side bar comment." The court included portions of this statement in its written order where it also incorporated the entire transcript by reference.

Plaintiff's argument that *Henry v. Goins* controls the outcome of this case is unpersuasive. While some facts are similar, the underlying circumstances are distinguishable.

The claims in *Henry* arose from an automobile accident involving several parties. *Henry*, 104 S.W.3d at 477–78. After the case was left pending for fourteen months, it was dismissed for failure to prosecute. *Id.* at 478. As in Plaintiff's first suit, the parties were given no prior notice of the dismissal. *Id.* Cross-plaintiff Goins moved without opposition to set aside the dismissal. *Id.* Thereafter, the Henrys filed their own motion to set aside the dismissal, which was opposed but ultimately granted under Rule 60.02. *Id.* The Supreme Court affirmed, finding no abuse of discretion in the trial court's decision to reinstate the Henrys' claims. *Id.* at 483.

*Henry* does not entitle Plaintiff to relief on this matter. *Henry* did not involve a question of res judicata based on the dismissal of a previous claim. As a result, *Henry*'s discussion on Rule 60.02 is inapplicable to this case. *See id.* at 481–82. Plaintiff's opportunity to properly apply *Henry* came after the dismissal of its first suit, either in a post-judgment motion or through an appeal. Instead, Plaintiff decided to forgo an appeal of its first suit and as a result the judgment became final. Based on the foregoing discussion, we conclude Plaintiff's claim is barred by the doctrine of res judicata. Our decision remains the same despite any previous inconsistent comments to the contrary which were made by the trial court.[3]

## V.    CONCLUSION

For the reasons stated herein, we affirm the circuit court's decision and remand for further proceedings as may be necessary. Costs of this appeal are taxed to appellant, Regions Bank, for which execution may issue if necessary.

_s/ Carma Dennis McGee_
CARMA DENNIS MCGEE, JUDGE

---

[3] While we acknowledge that Plaintiff may have relied on the trial court's inaccurate summary of the substance of Rule 41.02, stating Plaintiff was "welcome to refile the suit," we may only speak on the issues before us. Ultimately, the parties are responsible for researching the law and trying their case according to the Tennessee Rules of Civil Procedure.